IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Abingdon Division

| | |
|---|---|
| VLADIMIR KRUGLYAK, d/b/a FRUKLYAK, INC. : | |
| Plaintiff, : | |
| : | No. |
| v. : | |
| : | |
| HOME DEPOT U.S.A., INC. and KAREN J. PHOEBUS : | |
| Defendants. : | |

_____

# NOTICE OF REMOVAL

Defendants Home Depot U.S.A., Inc. and Karen J. Phoebus, by and through counsel, High Swartz LLP, file this Notice of Removal to remove the above-captioned case from the Circuit Court of Bristol, Virginia, pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, and states in support as follows:

1. Home Depot U.S.A., Inc. and Karen J. Phoebus are the only and original defendants in a civil action commenced by the filing of a Verified Complaint ("Complaint") on May 4, 2022, in the Circuit Court of Bristol, Virginia, captioned *Vladimir Kruglyak d/b/a Fruklyak, Inc. v. Home Depot U.S.A., Inc. and Karen J. Phoebus*, No. 520 CL 2200027800 ("State Court Action").

2. Home Depot U.S.A., Inc. and Karen J. Phoebus join in and consent to removal.

3. The Complaint is the first pleading in this action that sets forth a claim for relief from which it is ascertainable that the action may be removed to this court.

4. This Notice of Removal is timely because Home Depot was served on May 12, 2022.

5. This Notice of Removal is filed in the United States District Court for the Western District of Virginia, the district embracing the place where the State Court Action is pending as required by 28 U.S.C. § 1441(a).

6. A copy of this Notice of Removal is being contemporaneously filed with the Circuit Court of Bristol, Virginia as required by 28 U.S.C. § 1446(d).

7. Attached to this Notice as Exhibit "A" and incorporated herein are copies of all process, pleadings, and orders served upon Defendants in this action as required by 28 U.S.C. § 1446(a).

## FEDERAL QUESTION

8. Plaintiff alleges a cause of action under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et. seq. *See* Complaint ¶¶ 59-60.

9. This Honorable Court has jurisdiction of this matter under 28 U.S.C. § 1331 because this case arises under the laws of the of the United States.

WHEREFORE, Defendants respectfully requests that the above action now pending against them in the Circuit Court of Bristol, Virginia be removed to Your Honorable Court.

## DIVERSITY

10. The amount in controversy as alleged in the Complaint is in excess of $75,000, as Plaintiff alleges a principal sum of $52,196, treble damages of $156,588, statutory damages of not less than $1,500, and punitive damages of $104,392. *See* Complaint Section VI. "When calculating the amount in controversy, the district court should consider any special or punitive damages, such as treble damage…." *R. L. Jordan Oil Co. of N.C., Inc. v. Boardman Petroleum, Inc.*, 23 Fed. Appx. 141, 145 n.3 (4th Cir. 2001).

11. Plaintiff is a citizen of Bristol, Tennessee. Complaint ¶ 2

12. Home Depot is a Delaware corporation with its principal place of business in Georgia. *See* Complaint ¶ 3.

13. Phoebus is a citizen of Tennessee.

14. This Court can properly disregard Phoebus for the purposes of determining diversity jurisdiction because she has been fraudulent joined.

15. "Normally, complete diversity of citizens is necessary for a federal court to exercise diversity jurisdiction, meaning the plaintiff cannot be a citizen of the same state as any other defendant. However, the fraudulent joinder doctrine provides that diversity jurisdiction is not automatically defeated by naming non-diverse defendants. The district court can disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants. It can retain jurisdiction upon the non-moving party showing either that the plaintiff committed outright fraud in pleading jurisdictional facts, or that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 218 (4th Cir. 2015) (internal citations omitted).

16. As set forth in the Motion to Dismiss filed contemporaneously with this removal, there is no possibility that Plaintiff can establish a cause of action against Phoebus and therefore she should properly be dismissed. *See* Motion to Dismiss.

17. Disregarding Pheobus under the fraudulent joinder doctrine, the requirements for this Court to have jurisdiction of this matter based upon diversity of citizenship are satisfied. *See* 28 U.S.C. § 1446(a).

WHEREFORE, Defendants respectfully requests that the above action now pending against them in the Circuit Court of Bristol, Virginia be removed to Your Honorable Court.

HIGH SWARTZ LLP

By: _____
Kevin Cornish, Esquire
No. 94116
40 East Airy Street
Norristown, PA 19404
610-275-0700
610-275-5290 (fax)
kcornish@highswartz.com
Counsel for Defendants

Date: June 3, 2022