# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| VLADIMIR KRUGLYAK, d/b/a/ ) <br> FRUKLYAK, INC., ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HOME DEPOT U.S.A., INC., and ) <br> KAREN J. PHOEBUS, ) <br>     Defendants ) | Civil Action No. 1:22cv00024 <br><br> **REPORT AND** <br> **RECOMMENDATION** <br><br> By: Pamela Meade Sargent <br> United States Magistrate Judge |

Plaintiff, Vladimir Kruglyak, doing business as Fruklyak, Inc., ("Kruglyak"), initiated this civil action, pro se, against Home Depot U.S.A., Inc., ("Home Depot"), and Karen J. Phoebus, ("Phoebus"), in state court. The defendants removed Kruglyak's claims to this court on June 3, 2022. Thereafter, Kruglyak moved the court to remand his claims to state court, (Docket Item No. 8), but by Order dated November 2, 2022, the motion was denied. (Docket Item No. 16.) Kruglyak seeks to recover actual, treble and punitive damages for various state and federal causes of action arising from the online purchase of a bathtub.

The matter currently is before the court on Phoebus's Motion to Dismiss Kruglyak's Complaint against her for failing to state a claim upon which relief may be granted pursuant to Federal Rules of Civil Procedure Rule 12(b)(6). (Docket Item No. 3) ("Motion). Thereafter, Kruglyak responded to the Motion. (Docket Item No. 9.) Neither party has requested a hearing on the Motion, making it ripe for decision. Jurisdiction is conferred upon this court pursuant to 28 U.S.C. § 1331. The Motion is before the undersigned magistrate judge by referral, pursuant to 28 U.S.C. §

636(b)(1)(B). As directed by the order of referral, the undersigned now submits the following report and recommended disposition.

*I. Facts*

For the purpose of the court's consideration of the Motion, the facts, as alleged in the Complaint, will be accepted as true. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) (when deciding a Rule 12(b)(6) motion to dismiss, the court accepts as true all well-pleaded allegations in the Complaint and views all facts and draws all reasonable inferences in the light most favorable to plaintiff). However, the court "'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (quoting *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009)).

By Complaint, filed May 4, 2022, Kruglyak alleged that he is a resident of Bristol, Tennessee. (Complaint at 2.) He alleged that Home Depot is a nationwide retail corporation with its principal office in Atlanta, Georgia. (Complaint at 2.) Kruglyak further alleged that Phoebus is the manager of the Bristol, Virginia, Home Depot store, and/or she resides in Virginia. (Complaint at 2.) Kruglyak alleged that, on or about June 3, 2021, he found an advertisement of an "Ariel 60 in. Center Drain Corner Alcove Whirlpool Bathtub in White" on Home Depot's website, www.homedepot.com, priced at $1,799 before tax with free shipping. (Complaint at 2.) He stated that the tub "fitted by size and plumbing … the plaintiff's bathroom renovation project and had desired health benefitting functions according to the advertisement." (Complaint at 2-3.) Kruglyak attached a printout of the screenshot

of the tub's web advertisement as Exhibit A to the Complaint. (Complaint at 17-20.) Upon viewing the images and reading the description of the tub, Kruglyak alleged he believed the following regarding the tub:

a) the tub has the electronic control panel between headrests that regulates water temperature, the underwater LED lights, and water jets.
b) the control panel has up and down temperature control buttons and hence the tub is able to maintain the chosen level of temperature without a need of adding hot water beyond the stated in the advertisement 98 gallons capacity of the tub;
c) the tub has water heater that maintains temperature to allow for "ultimate relaxation" as described in the verbatim description of the product attached herein as ***Exhibit B***;
d) the tub is unable to heat up fast the cold water;
f) [sic] the tub has a power cord to plug-in into a standard 110V wall outlet.

(Complaint at 3) (emphasis in original).

Kruglyak alleges that, from June 3 to June 21, 2021, he made multiple phone calls to "the defendants," asking questions about the functions of the tub. (Complaint at 3.) Kruglyak's Complaint does not specify to whom he spoke during these phone calls or the person's location. Kruglyak alleged that the defendants provided no information as to the images or verbatim description or of the tub's web advertisement being inaccurate in any way. (Complaint at 3.) He stated that the defendants also confirmed the absence of a showroom with an actual tub in the nearest Home Depot store. (Complaint at 3.) According to Kruglyak, he purchased the tub "by making on-line payment using Bristol, Virginia Home Depot store" as indicated in the purchase receipt he attached to the Complaint as Exhibit C. (Complaint at 3, 23-24.) Kruglyak alleged the tub, contained in a wooden crate, was

delivered by a Home Depot vehicle on or about July 7-9, 2021, and was left outside the residence on a terrace until he reached a point in his renovation project that it was ready to be unpacked and brought inside the bathroom. (Complaint at 4.) Upon unpacking the tub, on or about August 22, 2021, Kruglyak alleged, the tub was missing "the depicted and verbatim described parts such as control panel, LED lights, and a water heater." (Complaint at 4.) Kruglyak attached images of the tub actually received as Exhibit E to the Complaint. (Complaint at 27-28.)

Kruglyak alleges that, since August 22, 2021, he has contacted Phoebus by phone and email numerous times, demanding that the missing parts be installed on the tub or that the tub be exchanged for the tub matching the advertised images and verbatim descriptions at no additional cost. (Complaint at 4.) He attached logs of phone calls he claims were to Phoebus and copies of emails to her as Exhibit F to the Complaint. (Complaint at 29-35.) Upon requesting a refund through the method of payment, PayPal, Kruglyak alleged, the defendants offered to allow him to return the purchased tub for a store credit, but at a shipping and handling expense to Kruglyak of $1,802. (Complaint at 5.) Kruglyak alleged that, without the correct tub, he has been unable to complete the renovations to the residence, causing him a loss of rental income at a rate of at least $250 per day for more than six months. (Complaint at 5.) Kruglyak's Complaint lists causes of action for fraudulent misrepresentation, breach of contract, violation of the Virginia Consumer Protection Act, breach of express and implied warranties, unjust enrichment, constructive fraud, negligence and violation of the federal Magnuson-Moss Warranty Act and the Uniform Commercial Code. Kruglyak seeks actual, treble and punitive damages totaling $313,176 plus costs and attorney's fees, although he fails to explain how he, as a pro se litigant, would be entitled to attorney's fees.

*II. Analysis*

In the Motion, Phoebus argues that Kruglyak's Complaint should be dismissed as to her in its entirety pursuant to Rule 12(b)(6) for failing to state a claim upon which relief may be granted. A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the facts alleged on the face of a plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In considering a motion to dismiss, all well-pleaded factual allegations contained in a complaint are to be taken as true and viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc.*, 7 F.3d at 1134. The complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action," and it must allege facts specific enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Dismissal also may be appropriate where the complaint contains a detailed description of underlying facts, but which fail to state a viable claim. *See Estelle v. Gamble*, 429 U.S. 97, 106-08 (1976). In addition, when reviewing "whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) (citing *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007)); *see also Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (noting that on a motion to dismiss, the court considers "documents that are explicitly incorporated into the complaint by reference" and "those attached to the complaint as exhibits").

Furthermore, the court is required to liberally construe complaints filed by plaintiffs, like Kruglyak, proceeding pro se. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Pro se complaints are held to a less stringent standard than those drafted by

attorneys. *See Erickson,* 551 at 94; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This requirement of liberal construction does not mean, however, that the court should ignore a clear failure to plead facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

In this case, the crux of Kruglyak's claims is that he was damaged by the defendants' alleged fraudulent misrepresentations of the tub's functions and features, upon which he justifiably relied. In the Motion, however, counsel for Phoebus argues she was improperly sued because, in her role as a store manager for Home Depot, she was acting as an agent of a disclosed principal and, as such, she could incur no personal liability.

This court, sitting in diversity, must apply the substantive law of the state in which it sits, including its choice-of-law rules. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). In Virginia, an agent of a disclosed principal is not liable in contract or tort "where the agent's acts are those of the [disclosed principal]." *Evans v. GEICO Gen. Ins. Co.*, 2015 WL 137269, at *7 (E.D. Va. Jan. 9, 2015) (quoting 3 Am. Jur.2d Insurance §161) (citations omitted). Likewise, in *Hyundai Emigration Corp. v. Empower-Visa, Inc.*, 2009 WL 10687986, at *7 (E.D. Va. Jun. 17, 2009), the court granted a motion to dismiss the plaintiff's breach of contract claim against one of the defendants who signed an agreement on behalf of his fully disclosed corporate principal, as there were no facts showing the principal was his alter ego to allow for piercing of the corporate veil. The court found that "[w]hen operating on behalf of a fully-disclosed principal, an agent incurs no personal liability for contracts entered into on behalf of the principal." *Hyundai Emigration Corp.*, 2009 WL 10687986, at *7 (citing *Richmond Union Passenger Ry. Co. v. N.Y. & Sea Beach Ry. Co.*, 28 S.E. 573 (Va. 1897)). Similarly, in *Inova*

*Health Sys. Servs., Inc. v. Bainbridge*, 2010 WL 7765105, at *2 (Va. Cir. 2010) (quoting *Richmond Union Passenger Ry. Co.*, 28 S.E. at 576), *aff'd, Inova Health Sys. Servs., Inc. v. Bainbridge*, 2011 Va. LEXIS 255 (Va. Oct. 21, 2011), the court held that, "[w]hen dealing with an agent, the general rule is that, '[w]here an agent makes a full disclosure of the fact of his agency, and the name of his principal, and contracts only as the agent of the named principal, he incurs no personal responsibility.'"  However, there are circumstances under which an agent of a disclosed principal may personally bind himself.  *See Inova Health Sys. Servs., Inc.*, 2010 WL 7765105, at *2.  For instance, an agent may enter into an independent, collateral agreement.  *See Harriss, Magill & Co. v. John H. Rodgers & Co.*, 129 S.E. 513, 517 (Va. 1925).  Nonetheless, "the presumption is that [an agent] intends to bind only his principal, and the burden of proof is upon [he] who undertakes to establish the agent's personal liability."  *Richmond Union Passenger Ry. Co.*, 28 S.E. at 575.

   Also instructive here is the Virginia Supreme Court's resolution of the question of whether, in cases involving tort liability of an employee to a third party, the employee owes a duty to the third person by classifying the employee's alleged act as one of misfeasance or nonfeasance.  An employee may be liable for his own misfeasance (i.e., performance of an affirmative act done improperly), but not for his own nonfeasance (i.e., omission to do some act which ought to be performed). *Compare Miller v. Quarles*, 410 S.E.2d 639 (Va. 1991) (in action against employee of loan broker to recover for negligently procuring loan, employee has tort liability for injuries to third party resulting from misfeasance while acting within scope of employment), *with Turner v. Carneal*, 159 S.E. 72 (Va. 1931) (in action by prospective tenant against rental agent for damages, plaintiff must show some positive act of negligence on the part of rental agent).

The following facts, as contained in Kruglyak's Complaint, demonstrate that Phoebus is an agent of a disclosed principal, Home Depot, she engaged in no conduct outside the scope of her employment as such, and her actions did not constitute misfeasance. Phoebus is a manager at the Bristol, Virginia, Home Depot store, located at 400 Forsythe Rd., Bristol, Virginia, 24202. (Complaint at 2.) Kruglyak viewed the tub on Home Depot's website at www.homedepot.com. (Complaint at 2-3; Exhibit A, B.) Kruglyak purchased the tub from the Home Depot website. (Complaint at 3; Exhibit C.) Home Depot delivered the tub to Kruglyak in a Home Depot vehicle. (Complaint at 4.) Kruglyak communicated with Phoebus at her Home Depot email address, karen_j_phoebus@homedepot.com. (Complaint at 4-5; Exhibit F, I.) Kruglyak has provided a log of telephone calls to the phone number (276) 466-1015, which he states belongs to Phoebus. (Complaint at 4; Exhibit F.) However, even assuming he spoke to Phoebus during these calls, Exhibit J to his Complaint – an email from Phoebus to Kruglyak from her Home Depot email account regarding a quote for a storm door – indicates this is the phone number for "Home Depot 4658" located in Bristol, VA. Thus, even if these were phone calls between Kruglyak and Phoebus related to the tub at issue, there is nothing to indicate they were outside the scope of her employment as a manager for her principal, Home Depot. Finally, none of the facts alleged in the Complaint as to Phoebus demonstrate any misfeasance on her part. For instance, while Kruglyak claims she failed to respond to his emails, at most, this would show nonfeasance. Likewise, Kruglyak's allegation that "[t]he defendants provided no information as to the images or verbatim description or both of the tub's web advertisement being inaccurate in any way" also demonstrates nothing more than nonfeasance. Lastly, Kruglyak's statement that "the defendants' refusal to supply parts or exchange the tub on the correct one" similarly does not constitute misfeasance, but indicates, at most, nonfeasance.

For all the above-stated reasons, I find that Kruglyak's Complaint fails to state a claim against Phoebus under Rule 12(b)(6). Therefore, I recommend the court grant the Motion and dismiss his Complaint against her in its entirety.

### PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF LAW

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. Phoebus, as a store manager of Home Depot, is an agent of a disclosed principal;

2. Phoebus acted within the scope of her employment;

3. None of Phoebus's alleged conduct amounted to misfeasance; and

4. Phoebus is not subject to personal liability.

### RECOMMENDED DISPOSITION

Based on the above-stated reasons, I recommend that the court grant the Motion and dismiss all Kruglyak's claims against Phoebus.

### **Notice to Parties**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those

portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence to recommit the matter to the magistrate judge with instructions.

Failure to file written objection to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable Michael F. Urbanski, Chief United States District Judge.

The Clerk is directed to send copies of this Report and Recommendation to all counsel of record and unrepresented parties.

**ENTERED**: February 28, 2023.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE