## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
## ABINGTON DIVISION

VLADIMIR KRUGYLAK, d/b/a )
FRUKLYAK, INC., )
       )    **Case No. 1:22-cv-0024**
     **Plaintiff,** )
v. )
       )
HOME DEPOT U.S.A., Inc., & )    **By:**    **Michael F. Urbanski**
KAREN J. PHOEBUS, )    **Chief United States District Judge**
       )
     **Defendants.** )

## ORDER

This matter was referred to the Hon. Pamela Meade Sargent, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. The magistrate judge filed a report and recommendation on February 28, 2023, recommending that defendant Karen Phoebus's motion to dismiss be granted. ECF No. 17. Plaintiff has filed objections to the report and recommendations. ECF No. 18. The court has carefully reviewed the magistrate judge's report, the objections to the report, the pertinent portions of the record, and the relevant legal authority. The court is of the opinion that the report and recommendation should be adopted in its entirety.

### I.

The objection requirement set forth in Rule 72(b) of the Federal Rules of Civil Procedure is designed to "train[ ] the attention of both the district court and the court of appeals upon only those issues that remain in dispute after the magistrate judge has made findings and recommendations." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) (citing Thomas v. Arn, 474 U.S. 140, 147–48 (1985)). An objecting party must do so "with

sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Id. at 622. The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

## II.

In the R&R, the magistrate judge recommended that the claims against defendant Phoebus should be dismissed because Phoebus is an agent of a disclosed principal, engaged in no conduct outside the scope of her employment, and committed no misfeasance. ECF No. 17, at 8. Plaintiff objects to the following findings by the magistrate judge: (1) Phoebus is not subject to personal liability; and (2) none of defendant Phoebus's alleged conduct amounted to misfeasance.

## A.

Under Virginia law, it is well established that "[w]here an agent makes a full disclosure of the fact of his agency and the name of his principal, and contracts only as the agent of the named principal, he incurs no personal responsibility." Richmond Union Pass. Ry. Co. v. N.Y. Seabeach Ry. Co., 28 S.E. 573, 576 (Va. 1897) (citations omitted). Indeed, "the presumption is that [an agent] intends to bind only his principal, and the burden of proof is upon him who undertakes to establish the agent's personal liability." Id. An exception to this rule is if an agent acts "outside the scope of the agency relationship." House v. Kirby, 355 S.E.3d 303, 305 n.** (Va. 1987).

Defendant contests the magistrate judge's finding that Phoebus did not act outside her agency relationship with her employer and is thus not personally liable for any of the claims against her. In his complaint, defendant alleges that Phoebus failed to respond to his emails, "provided no information as to the images or verbatim description or both of the tub's web advertisement being inaccurate in any way," and "refused to supply parts or exchange the tub [for] the correct one." Compl., ECF No. 1-3, at 3–5. However, none of these facts—accepted as true at the motion to dismiss stage—establish that Phoebus acted outside the scope of her employment with Home Depot. "[T]he presumption is that [an agent] intends to bind only his principal, and the burden of proof is upon him who undertakes to establish the agent's personal liability." Richmond Union Pass. Ry. Co., 28 S.E. at 395. Therefore, the court agrees with the magistrate judge that Phoebus is not liable under general agency liability theory.

**B.**

The magistrate judge also found that Phoebus is not subject to tort liability as an employee of Home Depot because none of her conduct amounted to misfeasance. Under Virginia law in cases of tort liability of an employee to a third person, "the question of whether the employee owes a duty to the third person [is answered] by denominating the employee's alleged act as one of misfeasance or nonfeasance." Quesenberry v. Southern Elevator Co., Inc., 184 F. Supp. 3d 310, 315 (W.D. Va. 2016) (quoting Harris v. Morrison, Inc., 32 Va. Cir. 298 (1993)). Misfeasance includes "performance of an affirmative act done improperly," whereas nonfeasance is an "omission to do some act which ought to be performed." Id. In this case, the conduct that plaintiff alleges amounts to, at the most, nonfeasance: failure to respond to emails, failure to provide information, and failure to supply or exchange parts.

Compl., ECF No. 1-3, at 3–5. None of these constitute affirmative acts, nor does plaintiff allege any affirmative acts in his objections to the R&R. ECF No. 18 ("As an agent of the principal, Mrs. Phoebus was bound to act under her principal's mission stated above, but she profoundly failed to do so by not providing services, not doing the 'right' thing, and not respecting the urgent needs of the Plaintiff."). For these reasons, the court agrees with the magistrate judge that plaintiff failed to state a claim against Phoebus for tortious liability.

### III.

As such, it is hereby **ORDERED** that:

1. The report and recommendation, ECF No. 17, is **ADOPTED in its entirety**;

2. Defendant Phoebus's motion to dismiss, ECF No. 3, is **GRANTED**; and

3. The claims against defendant Phoebus are **DISMISSED**.

Entered: March 28, 2023

Digitally signed by Michael F.
Urbanski    Chief U.S. District
Judge
Date: 2023.03.28 16:53:16 -04'00'

Michael F. Urbanski
Chief United States District Judge