## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | | |
|---|---|---|
| **VLADIMIR KRUGLYAK, d/b/a/** | ) | |
| **FRUKLYAK, INC.,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 1:22cv00024** |
| | ) | |
| **v.** | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| **HOME DEPOT U.S.A., INC.,** | ) | |
| **Defendant** | ) | **By: Pamela Meade Sargent** |
| | ) | **United States Magistrate Judge** |

Plaintiff, Vladimir Kruglyak, doing business as Fruklyak, Inc., ("Kruglyak"), initiated this civil action, pro se, against Home Depot U.S.A., Inc., ("Home Depot"), and Karen J. Phoebus, ("Phoebus"),[1] in state court. The defendants removed Kruglyak's claims to this court on June 3, 2022. Thereafter, Kruglyak moved the court to remand his claims to state court, (Docket Item No. 8), but by Order dated November 2, 2022, the motion was denied. (Docket Item No. 16.) Kruglyak seeks to recover actual, treble and punitive damages for various state and federal causes of action arising from the online purchase of a bathtub.

This matter currently is before the court on Kruglyak's Motion For A Preliminary Or Permanent Injunction, (Docket Item No. 31); Home Depot's Motion For Summary Judgment, (Docket Item No. 33); Kruglyak's Motion For Leave To Amend The Complaint And Case Caption To Remove Fruklyak, Inc. And Add

---

[1] By Order entered March 29, 2023, this court dismissed Phoebus as a defendant, pursuant to Federal Rules of Civil Procedure Rule 12(b)(6). (Docket Item No. 19.)

Defendants Alain Mendoza and Cindie Tipton, (Docket Item No. 36); and Kruglyak's Motion For Declaratory Relief, (Docket Item No. 39).[2]

Jurisdiction is conferred upon this court pursuant to 28 U.S.C. §§ 1331 and 1332. The motions are before the undersigned magistrate judge by referral, pursuant to 28 U.S.C. § 636(b)(1)(B). A hearing was held on the motions on November 27, 2023, at which the plaintiff appeared pro se. As directed by the order of referral, and based on the representations and arguments of the plaintiff and defense counsel, the undersigned now submits the following report and recommended disposition.

## I.    Facts

By Complaint made under penalty of perjury and filed May 4, 2022, Kruglyak stated that, on or about June 3, 2021, he found an advertisement of an "Ariel 60 in. Center Drain Corner Alcove Whirlpool Bathtub in White" on Home Depot's website, www.homedepot.com, priced at $1,799 before tax with free shipping. (Docket Item No. 1-3, ("Complaint"), at 2.) He stated that the tub "fitted by size and plumbing … the plaintiff's bathroom renovation project and had desired health benefitting functions according to the advertisement." (Complaint at 2-3.) Kruglyak attached a printout of the screenshot of the tub's web advertisement as Exhibit A to the Complaint. (Complaint at 17-20.) Upon viewing the images and reading the description of the tub, Kruglyak stated he believed the following regarding the tub:

a) the tub has the electronic control panel between headrests that regulates water temperature, the underwater LED lights, and water jets.

---

[2] The Motions to Amend and for Declaratory Relief will be disposed of by separate Order.

b) the control panel has up and down temperature control buttons and hence the tub is able to maintain the chosen level of temperature without a need of adding hot water beyond the stated in the advertisement 98 gallons capacity of the tub;

c) the tub has water heater that maintains temperature to allow for "ultimate relaxation" as described in the verbatim description of the product attached herein as ***Exhibit B***;

d) the tub is unable to heat up fast the cold water;

f) [sic] the tub has a power cord to plug-in into a standard 110V wall outlet.

(Complaint at 3) (emphasis in original).

Kruglyak stated that, from June 3 to June 21, 2021, he made multiple phone calls to "the defendants," asking questions about the functions of the tub. (Complaint at 3.) Kruglyak's Complaint does not specify to whom he spoke during these phone calls or the person's location. Kruglyak stated that the defendants provided no information as to the images or verbatim description or of the tub's web advertisement being inaccurate in any way. (Complaint at 3.) He stated that the defendants also confirmed the absence of a showroom with an actual tub in the nearest Home Depot store. (Complaint at 3.) According to Kruglyak, he purchased the tub "by making on-line payment using Bristol, Virginia Home Depot store" as indicated in the purchase receipt he attached to the Complaint as Exhibit C. (Complaint at 3, 23-24.) Kruglyak stated the tub, contained in a wooden crate, was delivered by a Home Depot vehicle on or about July 7-9, 2021, and was left outside the residence on a terrace until he reached a point in his renovation project that it was ready to be unpacked and brought inside the bathroom. (Complaint at 4.) Upon unpacking the tub, on or about August 22, 2021, Kruglyak stated, the tub was missing "the depicted and verbatim described parts such as control panel, LED

lights, and a water heater." (Complaint at 4.) Kruglyak attached images of the tub actually received as Exhibit E to the Complaint. (Complaint at 27-28.)

Kruglyak stated that, since August 22, 2021, he has contacted Karen J. Phoebus, ("Phoebus"), the Bristol, Virginia, Home Depot store manager, by phone and email numerous times, demanding that the missing parts be installed on the tub or that the tub be exchanged for the tub matching the advertised images and verbatim descriptions at no additional cost. (Complaint at 4.) He attached logs of phone calls he claims were to Phoebus and copies of emails to her as Exhibit F to the Complaint. (Complaint at 29-35.) Upon requesting a refund through the method of payment, PayPal, Kruglyak stated, the defendants offered to allow him to return the purchased tub for a store credit, but at a shipping and handling expense to Kruglyak of $1,802. (Complaint at 5.) Kruglyak stated that, without the correct tub, he has been unable to complete the renovations to the residence, causing him a loss of rental income at a rate of at least $250 per day for more than six months. (Complaint at 5.)

Contained in Kruglyak's response in opposition to Home Depot's motion for summary judgment, is a three-page declaration made under penalty of perjury, (Docket Item No. 35, ("Declaration"), at 4-6). In this Declaration, Kruglyak stated that he is "a private homeowner and consumer and not a commercial entity…. I file my taxes annually on 1099 basis using my name and a disregarded entity name that is different from any names used by Defendant[]. If the website of Defendant[] has the business name Fruklyak Inc. or Fruklyak, LLC, this is a non-existing and not registered anywhere fictitious business name created by Defendant[] for the purpose of initiating for me the volume based loyalty and rebate account known as Pro Xtra. I included this name in the case caption in error…." (Declaration at 4.) Kruglyak also stated:

I have purchased the tub from Defendant[] for my own use to treat with hot water therapy the long-term health issue of mine known as hemorrhoids…. As a result of Defendant[] not delivering the tub I paid for, my health has deteriorated. My bathroom became unfit for regular use due to Defendant[] trespassing my property and encumbering it with bulky product I did not order. The presence of the wrong tub at the property causes unfinished tile floor and wall tile and no functional toilet. The funds requested as compensation of damages of $250 per day can be used for labor cost to finish the tile and toilet installation and for paying my medical bills for doctor's visits, treatment, and health diagnostics resulted from inaction of Defendant[].

I have also hosted travelers in my home, before the purchase and delivery of the heavy and dysfunctional tub, for the short, one or two nights stays as an individual owner only.

I did not see the tub in a showroom before purchase and relied on the images at the website showing temperature control panel and installation instructions showing the same. If I had known that those images were inaccurate as to the temperature control panel, I would not have purchased the tub from Defendant[].

The delivered tub was in the heavy wooden cage and did not contain any image or label suggesting the absence of the temperature control panel on the covered tub. Since delivery of July 6, 2021, I did not have labor help until September to dismantle the cage, carry tub inside, and see the wrong tub delivered.

(Declaration at 4-5.)

## II.    Analysis

In the motion seeking injunctive relief, Kruglyak asks the court to order Home Depot to "stop withholding the return and/or exchange of the bathtub."  When deciding a state law claim, a federal court must apply the substantive law of the state in which it sits, including its choice-of-law rules.  *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).  As defense counsel states in its brief in opposition, Virginia has not established a standard for reviewing motions seeking

injunctive relief.  However, in *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008), the United States Supreme Court established a four-part test for determining whether injunctive relief is appropriate.  Specifically, a plaintiff seeking such relief must demonstrate that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  *See Winter*, 555 U.S. at 20.  It is well-settled that injunctive relief is an "extraordinary remedy" that may be granted only upon a "clear showing" of entitlement to such relief. *Winter*, 555 U.S. at 22; *see also Simmons v. Poe*, 47 F.3d 1370, 1382 (4th Cir. 1995); *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991).  It is the party seeking injunctive relief who bears the burden to establish that these factors support granting such relief.  *See Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017) (citing *Winter*, 555 U.S. at 20).  Following *Winter*, the Court of Appeals for the Fourth Circuit, in *Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 347 (4th Cir. 2009), clarified that each of the four requirements articulated in *Winter* must be satisfied to warrant granting injunctive relief.  Furthermore, the Virginia Supreme Court has held that courts will deny injunctive relief where a plaintiff can be made whole by monetary damages.  *See Levisa Coal Co. v. Consolidation Coal Co.*, 662 S.E.2d 44, 62 (Va. 2008).  I find that such is the case here.

In particular, Kruglyak has alleged he is likely to suffer irreparable harm in the absence of injunctive relief, in that, even if he prevails on certain claims in the Complaint, "the mere compensation of the rental income lost as a result of the unfinished bathroom and obstruction by the tub will not be timely and will not cover future labor and transport expenses dealing with removal of the old and order and installation of a new tub."  Thus, by his own words, this is nothing more than

economic damages, for which Kruglyak could be made whole with monetary damages at law. That being the case, Kruglyak cannot meet his burden to demonstrate all four elements set forth in *Winter*, and the undersigned finds it unnecessary to discuss the remaining three. For these reasons, the undersigned recommends that the court deny Kruglyak's motion for injunctive relief, (Docket Item No. 31).

Next, for the purpose of the court's consideration of Home Depot's Motion For Summary Judgment, the standard is well-settled. The court should grant summary judgment only when the pleadings, responses to discovery and the record reveal that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see*, *e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). A genuine issue of fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In considering a motion for summary judgment, the court must view the facts and the reasonable inferences to be drawn from the facts in the light most favorable to the party opposing the motion. *See Anderson*, 477 U.S. at 255; *Matsushita*, 475 U.S. at 587. To be successful on a motion for summary judgment, a moving party "must show that there is an absence of evidence to support the non-moving party's case" or that "the evidence is so one-sided that one party must prevail as a matter of law." *Lexington-South Elkhorn Water Dist. v. City of Wilmore, Ky.*, 93 F.3d 230, 233 (6th Cir. 1996). When a motion for summary judgment is made and is properly supported by affidavits, depositions or answers to interrogatories, the nonmoving party may not rest on the mere allegations or denials of the pleadings. *See Oliver v. Va. Dep't of Corrs.*, 2010 WL 1417833, at *2 (W.D. Va. Apr. 6, 2010)

(citing FED. R. CIV. P. 56(e)).  Instead, the nonmoving party must respond by affidavits or otherwise and present specific facts from which a jury could reasonably find for either side.  *See Anderson*, 477 U.S. at 256-57.

In this case, Home Depot has not provided the court with any evidence in support of its motion for summary judgment; rather it relies on the facts demonstrated by Kruglyak in his Verified Complaint and argues that, based on these facts, it is entitled to summary judgment as a matter of law.

First, I will address Kruglyak's claim for breach of contract.  The parties do not dispute that a contract for the sale of the bathtub existed when Kruglyak purchased the tub from Home Depot's website.  He alleges that following the formation of the contract, however, Home Depot violated its contractual obligations by failing to provide him with a bathtub as advertised on its website, and, as a result of this violation, he has suffered continuing economic and material damages.  For the following reasons, I find that, viewing the facts in the light most favorable to Kruglyak, there is a genuine dispute of material fact that prevents entry of summary judgment in Home Depot's favor on this claim.

In order to demonstrate a breach of contract, a plaintiff must show the following elements:  (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of the obligation.  *See Squire v. Va. Housing Dev. Auth.*, 758 S.E.2d 55, 60 (Va. 2014); *see also Filak v. George*, 594 S.E.2d 610, 614 (Va. 2004).  As stated above, the parties do not dispute the existence of a contact for the sale of the bathtub.  However, at issue is whether Home Depot violated any contractual obligation and, if so, what damages Kruglyak is entitled to recover as a

result of such a breach.  As for the first question, I find that Kruglyak has produced sufficient evidence to raise a genuine dispute of material fact as to whether Home Depot violated its contractual obligation to him.  Specifically, Kruglyak alleges in his Complaint that he located a bathtub on Home Depot's website that "fitted by size and plumbing … the plaintiff's bathroom renovation project and had desired health benefitting functions according to the advertisement."  (Complaint at 2-3.)  He further alleges that, upon viewing the images and reading the description of the "Ariel 60 in. Center Drain Corner Alcove Whirlpool Bathtub in White" on Home Depot's website, he understood the tub to have an "electronic control panel between headrests that regulates water temperature, the underwater LED lights, and water jets." (Complaint at 3, 17-22.)  He further understood that the "control panel ha[d] up and down temperature control buttons and hence the tub [was] able to maintain the chosen level of temperature without a need of adding hot water beyond the stated … 98 gallons capacity of the tub." (Complaint at 3.)  Kruglyak also understood that the tub had a "water heater that maintain[ed] temperature to allow for 'ultimate relaxation' as described in the verbatim description of the product." (Complaint at 3.)  He understood that the tub was able to quickly heat up cold water[3] and that it had a power cord that plugged in to a standard 110-volt wall outlet.  (Complaint at 3.)  Kruglyak alleges that from June 3, through June 21, 2021, he made multiple calls to Home Depot, inquiring about the functions of the bathtub, but he was provided no information regarding the images or description contained on the website as being inaccurate.  (Complaint at 3.)  He alleges that Home Depot did, however, confirm that it did not have the actual bathtub in the Home Depot showroom nearest to Kruglyak.  (Complaint at 3.)  On June 22, 2021, Kruglyak purchased the bathtub online, through the Bristol, Virginia, Home Depot store, for the amount of $1,799

---

[3] Kruglyak's Complaint actually states the tub was "unable" to quickly heat up cold water, but the court construes this as a typographical error.

before tax with free shipping.  (Complaint at 2, 3.)  Kruglyak alleges that, on or about July 7 to July 9, 2021, the bathtub was delivered to his residence in Bristol, Tennessee, in a large "wooden cage" where it was left outside on the terrace until on or about August 22, 2021.  (Complaint at 4.)  At that time, his renovation project had reached the stage where the tub could be unpackaged and brought inside the bathroom.  (Complaint at 4.)  Kruglyak then found that the tub was missing the control panel, LED lights and water heater that were depicted and described on Home Depot's website.  (Complaint at 4.)  He attached pictures of the tub delivered to his residence.  (Complaint at 27-28.)  Since August 22, 2021, Kruglyak has "demanded the missing parts … be installed or the current tub to be exchanged for the tub matching … the advertised images and … descriptions at no additional cost." (Complaint at 4.)  After Home Depot declined to supply such parts or exchange the tub for the correct one, Kruglyak located an online seller of matching parts, including the control panel, LED lights and water heater, which would total $829.  (Complaint at 4.)[4] Home Depot offered for Kruglyak to return the tub for a store credit, but the expense to ship the tub back would be his responsibility.  (Complaint at 5.)  Kruglyak states he received a shipping and handling estimate of $1,802.  (Complaint at 6, 52-55.)  Kruglyak alleges that, as a result of receiving a bathtub that did not conform to the advertised tub, he was unable to complete his renovation project of the "mother-in-law type of private accommodation" for more than six months as of the time he filed his Complaint, resulting in loss of rental income of at least $250 per day. (Complaint at 6, 56-58.)

        In its brief in opposition, Home Depot does not contest that the bathtub delivered to Kruglyak does not conform to the tub that is depicted and described on

---

[4] Kruglyak states that the model number of the tub with the features as advertised is HW125, with a purchase price of $3,299.  (Complaint at 4, 36-42.)

its website as the "Ariel 60 in. Center Drain Corner Alcove Whirlpool Bathtub in White" that Kruglyak thought he was purchasing.   Additionally, Kruglyak's allegations and the Exhibits to his Complaint demonstrate that the bathtub depicted on Home Depot's website and the tub delivered to him were not one and the same. "[W]here a party undertakes to sell or furnish a particular article, and furnishes a different one, it is a breach of contract. …"  *Mason v. Chappell*, 56 Va. 572, 579 (Va. 1860).   For these reasons, I recommend that the court deny Home Depot's summary judgment motion on this claim.

The only argument Home Depot advances in its brief relative to Kruglyak's breach of contract claim focuses on the proper amount of damages.   In particular, it argues that, should a breach of contract be found, Kruglyak is entitled only to direct damages, not consequential damages.   As Home Depot states in its brief in opposition, there are two broad categories of contract damages: direct damages and consequential damages.   *See William H. Gordon Assocs., Inc. v. Heritage Fellowship, United Church of Christ*, 784 S.E.2d 265, 279 (Va. 2016) (citation omitted).  Direct damages "naturally" or "ordinarily" arise from a breach of contract, while consequential damages are those which arise from the intervention of "special circumstances" not ordinarily predictable.  *Roanoke Hosp. Ass'n v. Doyle & Russell, Inc.*, 214 S.E.2d 155, 160 (Va. 1975).   Direct damages are compensable, while consequential damages are compensable only if the special circumstances "were within the contemplation of both contracting parties" when the contract was made. *Roanoke Hosp. Ass'n*, 214 S.E.2d at 160 (internal quotation marks omitted); *see also Long v. Abbruzzetti*, 487 S.E.2d 217, 219 (Va. 1997).   Courts have interpreted circumstances that were within the contemplation to mean "both circumstances that are actually foreseen and those that are reasonably foreseeable."  *Long*, 487 S.E.2d at 219.

In this case, Kruglyak seeks damages for the loss of rental income in the amount of $48,500 plus a full refund of the $1,894.35 he paid for the bathtub plus $1,802 for shipping and replacement costs, totaling $52,196.35.  However, Home Depot argues because Kruglyak never made Home Depot aware of his intention to use the tub for rental income-producing purposes when he purchased the tub, he cannot now recover any amounts for the lost rental income, as these are consequential damages not within the contemplation of both contracting parties when the contract was made.  Specifically, Kruglyak purchased the tub through Home Depot's website, and he has produced no evidence he communicated with anyone at the time of this purchase.  Moreover, as Home Depot alleges, it could not reasonably have foreseen that damages to Kruglyak in the amount of $48,500 for lost rental income would arise from the alleged breach of contract.  Additionally, as Home Depot argues, Kruglyak requests damages of $250 per day in lost rental income beginning on the date of the delivery of the tub.  However, by Kruglyak's own admission, the tub remained in an unopened "wooden cage" until approximately six weeks later, when he brought the tub inside his residence.  It was at that time he realized the tub did not conform to the one depicted and described on the Home Depot website that he believed he had purchased.  Even if the tub delivered was the one he purchased from the website, he still would have had to install it in the bathroom upon opening it and, after that, secured a renter for the "mother-in-law" accommodation.  Lastly, as stated above, Kruglyak admitted in his Complaint that Home Depot offered him a refund of the full purchase price of $1,894.35, contingent upon his return of the tub, consistent with its refund policy.  However, Kruglyak has declined to accept such a refund.

For these reasons, I recommend that the court limit Kruglyak's potential damages on the breach of contract claim to actual damages.

Next, with regard to Kruglyak's claim of fraudulent misrepresentation, I find that Home Depot correctly argues in its memorandum in support of its motion for summary judgment that there is no such actionable, independent cause of action under Virginia law. *See 313 Freemason v. Freemason Assocs., Inc.*, 59 Va. Cir. 407, 415 (Norfolk 2002) (holding that "[f]raudulent misrepresentation is not an independent cause of action[,]" and noting that Virginia cases that have stated otherwise actually were concerned with the tort of actual fraud). For this reason, I recommend that the court enter summary judgment in Home Depot's favor on this claim.

Kruglyak also raises a claim under the Virginia Consumer Protection Act, ("VCPA"), VA. CODE ANN. § 59.1-196 *et seq*. The VCPA applies to "… fraudulent acts or practices committed by a supplier in connection with a consumer transaction." VA. CODE ANN. § 59.1-200 (2019 & 2023 Supp.). A "supplier" is defined as "a seller … who advertises, solicits, or engages in consumer transactions." VA. CODE ANN. § 59.1-198 (2019). The VCPA defines a "consumer transaction" as "the advertisement, sale, … or offering for sale … of goods or services to be used primarily for personal, family or household purposes. …" VA. CODE ANN. § 59.1-198 (2019). In his Complaint, Kruglyak alleged that Home Depot was a "supplier" involved in a "consumer transaction" under the VCPA and, in this capacity, engaged in fraudulent conduct in the sale of the tub to him. He alleged that Home Depot violated the VCPA by "misrepresenting the functions and features of the tub to [him]." (Complaint at 7-8.) Kruglyak stated he was harmed by Home Depot's misrepresentations in the amount equal to the tub's replacement cost of $1,802; the difference in price of the tubs in the amount of $1,500; and lost rental income of $250 per day of his "mother-in law type private accommodation" for six months due to Home Depot's failure to replace and remove the tub. (Complaint at 8.) He also

alleged that, under VA. CODE ANN. § 59.1-204(A), he is entitled to treble damages. (Complaint at 8.)

Home Depot, however, argues it is entitled to summary judgment on this claim because the sale in question does not qualify as a "consumer transaction" under the VCPA because the evidence is that the tub was not going to be used "primarily for personal, family or household purposes." In his Declaration, Kruglyak states he is a private homeowner and not a commercial entity. Nonetheless, Kruglyak's Complaint makes clear that he intended to use the tub for the renovation of an income-producing rental property. He seeks damages of "at least $250 per day" as a result of not being able to advertise the rental property on a traveler's website due to being delivered the nonconforming tub.

Thus, as Home Depot argues, these facts demonstrate that Kruglyak's purchase of the tub was not primarily for personal, family or household purposes. Instead, Kruglyak intended the tub as part of a renovation to an income-producing property for commercial purposes. Home Depot also correctly noted that Kruglyak filed his Complaint, indicating he is doing business as "Fruklyak, Inc.," further supporting the notion that he purchased the tub and maintains the claims presented in the capacity of a commercial entity.

For these reasons, I find that there is no genuine issue of material fact in dispute on this claim, and I recommend that the court enter summary judgment in Home Depot's favor. That being the case, I further find it unnecessary to discuss Kruglyak's arguments related to damages for Home Depot's alleged VCPA violations.

Next, with regard to Kruglyak's claims under the Uniform Commercial Code, ("U.C.C."), for violations of express warranty and implied warranty of merchantability, I, likewise, find that Home Depot is entitled to summary judgment. Virginia adopted the U.C.C. to promote uniformity, predictability and finality in certain types of commercial transactions. *See* Va. Code Ann. § 8.1A-101 *et seq.* (2015). Here, Kruglyak argues Home Depot violated an express warranty by delivering a bathtub that did not conform to Home Depot's description of the tub as advertised on its website. He argues Home Depot violated an implied warranty of merchantability when it sold him a bathtub that did not have the heating and lighting functions as described in the online advertisement. Due to these violations, Kruglyak alleges he is entitled to consequential damages in the amount of lost rental income of $250 per day for six months.

"To constitute a warranty, the intention of the parties must be looked at; the affirmation or representation made by the vendor at the time of sale to constitute a warranty must have been so intended by him, and relied on as such by the vendee." *Mason*, 56 Va. at 577. However, "where a party undertakes to sell or furnish a particular article, and furnishes a different one, it is a breach of contract. …" *Mason*, 56 Va. at 579. That being the case, I recommend that the court enter summary judgment in favor of Home Depot on Kruglyak's breach of warranty claims. Given this recommendation, I find it unnecessary to discuss his argument that he is entitled to an award of consequential damages on these claims.

Kruglyak also claims Home Depot was unjustly enriched by "expecting return of the whole bathtub without providing a matching by type and size product in exchange." He argues that because Home Depot's offer to refund him was not in the form of either replacement parts to retrofit the bathtub with the lighting and

heating functions as shown in the website advertisement or a complete product replacement, Home Depot is enjoying the benefit of his resources without paying for them and is, therefore, unjustly enriched at his expense.  Unjust enrichment "effects a 'contract implied in law' requiring one who accepts and receives goods, services, or money from another to make reasonable compensation for those services." *James G. Davis Constr. Corp. v. FTJ, Inc.*, 841 S.E.2d 642, 647 (Va. 2020) (quoting *Po River Water & Sewer Co. v. Indian Acres Club of Thornburg, Inc.*, 495 S.E.2d 478, 482 (Va. 1998)).  This doctrine "arises from the simple principle that one person may not 'enrich himself unjustly at the expense of another.'"  *James G. Davis Constr. Corp.*, 841 S.E.2d at 647 (quoting *Rinehart v. Pirkey*, 101 S.E. 353, 354 (Va. 1919)).  "In reality, the law of restitution is very far from imposing liability for every instance of what might plausibly be called unjust enrichment."  *Restatement (Third) of the Law of Restitution and Unjust Enrichment § 1, at 5 (2011).*  "A variety of limiting principles restrict the reach of this doctrine." *James G. Davis Constr. Corp.*, 841 S.E.2d at 647.  One such limiting principle, particularly relevant to the case at bar, is "[t]he existence of an express contract covering the same subject matter of the parties' dispute[,]" which "precludes a claim for unjust enrichment."  *CGI Fed. Inc. v. FCi Fed., Inc.*, 814 S.E.2d 183, 190 (Va. 2018) (citation omitted).  Here, there was an express contract governing the purchase and any potential return of the bathtub.  Moreover, Home Depot has offered to Kruglyak, under its standard return policy, to refund the full purchase price of the tub upon his return of the bathtub.  As there is an "express contract covering the same subject matter of the parties' dispute" in this case, I find that Kruglyak's claim for unjust enrichment is precluded, and I recommend that the court enter summary judgment in Home Depot's favor on this claim.

Kruglyak also brings a claim under the federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*., against Home Depot in his Complaint. In particular, he alleges entitlement to actual damages plus court costs and attorneys' fees and cancellation of the contract pursuant to his request for refund and rejection or, alternatively, his revocation of acceptance based on Home Depot's breach of implied warranties. The Magnuson-Moss Warranty Act provides a method for consumers to sue a warrantor for violations of a written or implied warranty. While the Act provides minimum federal requirements for "full" warranties, *see* 15 U.S.C. § 2304(e), it generally "calls for the application of state written and implied warranty law, not the creation of additional federal law." *Monticello v. Winnebago Indus., Inc.*, 369 F. Supp. 2d 1350, 1356 (N.D. Ga. 2005) (citation omitted). Thus, the Magnuson-Moss Warranty Act supplements, rather than supplants, state law. *See Monticello*, 369 F. Supp. 2d at 1356. Therefore, the court adopts the same analysis for Kruglyak's breach of implied warranty claims under the Magnuson-Moss Warranty Act as it employed in its prior analysis of his implied warranty claims under the U.C.C., as adopted under Virginia law. In particular, the Complaint alleges a breach of contract, not a breach of warranty. That being the case, I find that Kruglyak's Magnuson-Moss claim is precluded, and I recommend that the court grant summary judgment in Home Depot's favor on this claim. Given this recommendation, I find it unnecessary to discuss Kruglyak's allegation that he is entitled to costs and attorneys' fees under the Act.

Kruglyak also brings a claim for failing to honor his right to revoke acceptance, to reject or to cancel under the U.C.C. In particular, he alleges Home Depot failed to honor his request for a refund and to cancel after he revoked his acceptance of the bathtub and rejected it as nonconforming. Under the Virginia

Commercial Code, a buyer may revoke acceptance of a product whose nonconformity substantially impairs its value to him if he has accepted it:

> (a) on the reasonable assumption that its nonconformity would be cured and it has not been seasonally cured; or
> (b) without discovery of such nonconformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.

VA. CODE ANN. § 8.2-608(1)(a)-(b) (2015). Upon revocation of acceptance, the recoverable monetary damages "may include the purchase price." *Love v. Kenneth Hammersley Motors, Inc.*, 556 S.E.2d 764, 766 (Va. 2002).

In this case, Kruglyak does not dispute that Home Depot has accepted his revocation of acceptance of the bathtub, and, upon being notified of this revocation, Home Depot offered him a refund of the full purchase price of the bathtub upon its return, per company policy. Kruglyak's Complaint fails to allege that Home Depot refused him a refund or that Home Depot denied his revocation of acceptance. Instead, Kruglyak desired Home Depot to pay for removal of the bathtub and the shipping cost associated with returning the bathtub. However, this does not negate the fact that Home Depot offered Kruglyak a full refund of the purchase price of the bathtub, thereby accepting his revocation of acceptance. This being the case, I find that he has failed to show that Home Depot violated the U.C.C., as adopted by the Virginia Commercial Code, and I recommend that the court enter summary judgment in favor of Home Depot on this claim.

Kruglyak also brings state claims for constructive fraud and negligence against Home Depot in his Complaint. In particular, he claims that, even if the allegedly false statements, representations and disclosures made by Home Depot

were innocent, he is, nonetheless entitled to recover damages based on common law constructive fraud.    Kruglyak, however, provides no evidence to support his argument.  Likewise, with regard to his negligence claim, he alleges only that Home Depot's acts and omissions related to the transaction in question constitute negligent misrepresentation that entitles him to recovery.  For the reasons that follow, I find that Home Depot is entitled to summary judgment on both of these claims.

With regard to constructive fraud, as Home Depot argues, courts in Virginia have recognized that it is "effectively nothing more than a claim of negligence … [and] implies no greater duty for a defendant to be accurate in its representations than does a negligence standard." *Va. Transformer Corp. v. P.D. George Co.*, 932 F. Supp. 156, 163 (W.D. Va. 1996).  That being the case, the court held that "the fraud exception to the economic loss rule is solely for actual fraud" and generally does not extend to claims for constructive fraud.  *See Va. Transformer Corp.*, 932 F. Supp. at 163.  Under the economic loss rule, losses suffered as a result of the breach of a duty assumed only by agreement, rather than a duty imposed by law, remain the sole province of the law of contracts.  *See Filak*, 594 S.E.2d at 613.  When a plaintiff, like Kruglyak, alleges and proves nothing more than disappointed economic expectations assumed only by agreement, the law of contracts, not the law of torts, provides the remedy for such economic losses.  *See Filak*, 594 S.E.2d at 613 (citations omitted).  Here, Kruglyak's claim against Home Depot merely seeks recovery for losses allegedly suffered as a result of Home Depot's failure to fulfill its contract to deliver a bathtub with the features shown in its website advertisement.  Losses are "purely economic" when "no person or other property" is damaged.  *E. River Steamship Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 870 (1986).  Likewise, in *Sensenbrenner v. Rust, Orling & Neale, Architects, Inc.*, the court noted the economic loss rule in most jurisdictions permits tort recovery when the negligent

actions resulted in damage to "property *other than the product itself*."  374 S.E.2d 55, 57 (Va. 1988) (emphasis added).  Here, the purely economic nature of the alleged loss is demonstrated by the fact that Kruglyak seeks $52,196 in damages, which includes loss of rental income, a full refund for the tub, shipping and replacement costs.  Thus, all of the damages sought by Kruglyak are of a monetary nature. Moreover, Home Depot has no common law duty to Kruglyak arising out of the parties' dealings.  Tort law provides redress only for the violations of certain common law and statutory duties involving the safety of persons and property, which are imposed to protect the broad interests of society.  *See Filak*, 594 S.E.2d at 613 (citations omitted).  For these reasons, I find that Kruglyak fails to assert a valid constructive fraud claim against Home Depot, as Home Depot's duties arose solely from the contract between the parties.  *See Filak*, 594 S.E.2d at 613-14.  Therefore, I recommend the court grant summary judgment in Home Depot's favor on this claim.

Home Depot argues that Kruglyak's negligence claim is, similarly, barred by the gist of the action doctrine.  This doctrine "seeks 'to prevent the recasting of a contract claim as a tort claim.'"  *Tederick v. LoanCare, LLC*, 2023 WL 6465404, at *15 (E.D. Va. Oct. 2, 2023) (quoting *Gaddy Eng'g Co. v. Bowles Rice McDavid Graff & Love, LLP*, 746 S.E.2d 568, 586 (W. Va. 2013) as quoted in *Princeton Cnty. Hosp. Ass'n v. Nuance Comm'ns*, *Inc.*, 2020 WL 1698363, at *6 (S.D. W. Va. Apr. 7, 2020)).  A plaintiff "seeking relief in tort [must] identify a non-contractual duty breached by the alleged tortfeasor."  *Tederick*, 2023 WL 6465404, at *15 (quoting *Dan Ryan Builders, Inc. v. Crystal Ridge Dev. Inc.*, 783 F.3d 976, 980 (4th Cir. 2015)).  "In determining whether a cause of action sounds in tort, contract, or both, 'the source of the duty violated must be ascertained.'"  *Tingler v. Graystone Homes, Inc.*, 834 S.E.2d 244, 254 (Va. 2019) (quoting *MCR Fed., LLC v. JB & A, Inc.*, 808

S.E.2d 186, 192 (Va. 2017) (citation omitted)).  No matter the alleged harm, however, tort liability cannot be imposed upon a contracting party for failing to do a contractual task when no common-law tort duty would have required him to do it anyway – and thus, "in order to recover in tort, the duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract," *Tingler*, 834 S.E.2d at 255 (quoting *MCR Fed., LLC*, 808 S.E.2d at 186 (citation omitted); *see Holles v. Sunrise Terrace, Inc.*, 509 S.E.2d 494 (Va. 1999.))  Here, as noted by Home Depot, Kruglyak admits the existence of the contract with it for the sale of the bathtub, and because Home Depot's alleged negligence stems from its duties under that contract, Kruglyak's negligence claim cannot overcome the gist of the action doctrine, and the court must apply the law of contract, not torts, to any potential remedies.  For these reasons, I find that Kruglyak fails to assert a valid negligence claim against Home Depot, and I recommend the court grant summary judgment in Home Depot's favor on this claim.

Lastly, Kruglyak asserts that Home Depot acted with a "willful, wanton, malicious and utter disregard for [his] rights, well-being, and best interests[,]" thereby entitling him to punitive damages.  It is well-settled under Virginia law, that "exemplary or punitive damages are not allowed for breach of contract."  *Goodstein v. Weinberg*, 245 S.E.2d 140, 143 (Va. 1978); *see also Kamlar Corp. v. Haley*, 299 S.E.2d 514, 517 (Va. 1983).  However, there are exceptions to this general rule where "the breach amounts to an independent, willful tort."  *Goodstein*, 245 S.E.2d at 143 (citation omitted).  Kruglyak has not demonstrated any evidence of actions taken by Home Depot that constituted an "independent, willful tort" separate and apart from its contractual duties that would justify a recovery of punitive damages. For these reasons, I recommend that the court enter summary judgment in favor of Home Depot on this claim.

## PROPOSED FINDINGS OF FACTS AND
## CONCLUSIONS OF LAW

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. Kruglyak could be made whole with monetary damages at law;

2. Thus, he cannot demonstrate all four *Winter* elements necessary for a grant of injunctive relief;

3. Kruglyak has provided evidence sufficient to raise a genuine dispute of material fact as to whether Home Depot breached its contract with him for the sale of the bathtub;

4. Kruglyak never made Home Depot aware of his intention to use the tub for rental income-producing purposes when he purchased the tub;

5. Thus, damages for loss of rental income are nonrecoverable consequential damages;

6. There is no actionable, independent cause of action in Virginia for fraudulent misrepresentation;

7. Thus, Home Depot is entitled to summary judgment on this claim;

8. The sale of the tub did not constitute a "consumer transaction" under the VCPA because the facts fail to demonstrate that Kruglyak intended to use to tub "primarily for personal, family or household purposes;"

9. Thus, Home Depot is entitled to summary judgment on this claim;

10. Kruglyak has failed to demonstrate a genuine dispute of material fact as to his breach of warranty claims; instead, the facts raise a breach of contract claim;

11. Thus, Home Depot is entitled to summary judgment on the breach of warranty claims;

12. An express contract governs the sale of the bathtub, as well as its return, and Home Depot offered to refund the tub's purchase price upon the return of the tub;

13. Thus, a claim for unjust enrichment is precluded, and Home Depot is entitled to summary judgment;

14. Kruglyak has failed to demonstrate a genuine dispute of material fact as to his claim under the Magnuson-Moss Warranty Act because the Complaint alleges a breach of contract, not a breach of warranty;

15. Thus, Home Depot is entitled to summary judgment on this claim;

16. Home Depot accepted Kruglyak's revocation of acceptance of the bathtub, and, upon notification of the revocation, Home Depot offered

Kruglyak a refund of the tub's full purchase price upon its return, per company policy;

17. Thus, Kruglyak has failed to demonstrate a genuine dispute of material fact that Home Depot refused him a refund or denied his revocation of acceptance in violation of the U.C.C., as adopted by the Virginia Commercial Code;

18. Thus, Home Depot is entitled to summary judgment on this claim;

19. Home Depot's duties to Kruglyak arose solely from the contract between them, and Kruglyak alleges purely economic losses;

20. Thus, Kruglyak has failed to demonstrate a genuine dispute of material fact as to a constructive fraud claim against Home Depot, and Home Depot is entitled to summary judgment on this claim;

21. Because Home Depot's alleged negligence stems from its duties under the contract for the sale of the bathtub with Kruglyak, the court must apply contract law, not tort law, to any potential remedies;

22. Thus, Home Depot is entitled to summary judgment on the negligence claim;

23. Kruglyak has failed to demonstrate a genuine dispute of material fact showing that Home Depot's actions constituted an "independent, willful tort" separate from its contractual duties; and

24. Thus, Home Depot is entitled to summary judgment on the punitive damages claim.

## RECOMMENDED DISPOSITION

Based on the above-stated reasons, I recommend that the court deny the Motion For A Preliminary Or Permanent Injunction. (Docket Item No. 31.) I recommend that the court grant in part and deny in part the Motion For Summary Judgment. (Docket Item No. 33.) In particular, I recommend the court grant the motion on Kruglyak's claims for fraudulent misrepresentation; violations of the VCPA; breaches of express and implied warranties under the U.C.C.; unjust enrichment; violations of the Magnuson-Moss Warranty Act; failure to honor his right to revoke acceptance, to reject or to cancel under the U.C.C.; constructive fraud; negligence; and punitive damages, and enter summary judgment in Home Depot's favor on these claims. I recommend the court deny the Motion For

Summary Judgment on Kruglyak's breach of contract claim. However, I recommend that the court limit Kruglyak's potential recovery on this claim to actual damages.

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file written objection to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable Michael F. Urbanski, Chief United States District Judge.

The Clerk is directed to send copies of this Report and Recommendation to all counsel of record and unrepresented parties.

**ENTERED**: February 6, 2024.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE