# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| VLADIMIR KRUGLYAK, d/b/a FRUKLYAK, INC., | ) ) ) Case No. 1:22-cv-024 ) ) By: Michael F. Urbanski ) Chief United States District Judge ) ) ) ) ) |
| Plaintiff, | |
| v. | |
| HOME DEPOT U.S.A., INC., | |
| Defendant. | |

## MEMORANDUM OPINION

This matter is before the court on two motions to reconsider filed by pro se plaintiff Vladimir Kruglyak, doing business as Fruklyak, Inc. ("Kruglyak"). ECF Nos. 21 and 51. Both motions ask the court to reconsider the same March 28, 2023, Order dismissing Karen J. Phoebus ("Phoebus") as a defendant, ECF No. 19. For the reasons set forth below, Kruglyak's motions, ECF Nos. 21 and 51, are **DENIED**.

### I.

Kruglyak filed a complaint against defendants Phoebus and Home Depot U.S.A., Inc. ("Home Depot") in the Circuit Court of Bristol, Virginia, on June 3, 2022. See Compl., ECF No. 1-3. The complaint alleges eleven state and federal causes of action arising from the online purchase of a whirlpool bathtub. Specifically, Kruglyak alleges that the tub he believed he was purchasing from Home Depot contains features missing from the tub he received, including a control panel, LED lights, and a water heater. Id., at ¶ 14. He further alleges that defendants Home Depot and Phoebus, who is a manager at the Bristol, Virginia, Home Depot store, refused to supply the missing parts and instead offered store credit for the tub's return (with

1

shipping and handling costs at Kruglyak's expense). Id., at ¶¶ 16, 20. Kruglyak asserts that the tub has prevented him from finishing his renovation project, which has deprived him of rental income of at least $250 per day. Id., at ¶ 21.

On June 3, 2022, defendants removed the action to this court, ECF No. 1, and Phoebus filed a motion to dismiss on the grounds that she—acting within the scope of her employment with Home Depot—should incur no personal liability as to Kruglyak's claims, ECF No. 3. On February 28, 2023, the Honorable Pamela Meade Sargent, United States Magistrate Judge, on referral from this court pursuant to 28 U.S.C. § 636(b)(1)(B), filed a report and recommendation, recommending that Phoebus' motion to dismiss be granted. R&R, ECF No. 17. In her report and recommendation, Judge Sargent reasoned that Phoebus should not be subject to personal liability under Virginia law because Phoebus (1) acted as an agent of a disclosed principal, (2) engaged in no conduct outside the scope of her employment, and (3) did not engage in misfeasance. R&R, ECF No. 17, at 8. Kruglyak filed objections to the report and recommendation, contesting each of Judge Sargent's proposed findings. ECF No. 18.

On March 28, 2023, following careful review of Judge Sargent's report, Kruglyak's objections, and the relevant legal authority, the court issued an order adopting the report and recommendation in its entirety, granting Phoebus' motion to dismiss, and dismissing the claims against her. Order, ECF No. 19. Kruglyak filed a motion to reconsider the court's order on April 18, 2023, ECF No. 21, and again on December 7, 2023, ECF No. 51.[1]

---

[1] The primary change in the second motion to reconsider appears to be a new summary of the procedural history of the case in the time since filing the first motion. See Second Mot. to Reconsider, ECF No. 51, at ¶¶ 1–8. However, the arguments set forth in the two motions are identical in substance. Accordingly, the court will refer to them as a single motion, and all citations to the motion to reconsider in this opinion are to the second motion.

## II.

Rule 54(b)[2] of the Federal Rules of Civil Procedure provides that any order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). A district court's decision to revisit an interlocutory order under Rule 54(b) is "committed to the Court's discretion as part of its inherent authority." Wootten v. Commonwealth of Virginia, 168 F. Supp. 3d 890, 893 (W.D. Va. 2016) (Moon, J.).

However, "the discretion Rule 54(b) provides is not limitless," and, "in the interest of finality, 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" Carlson v. Bos. Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017) (quoting TFWS, Inc. v. Franchot, 572 F.3d 186, 191 (4th Cir. 2009)). Accordingly, a district court generally may revise an interlocutory order under only three circumstances: "(1) new evidence that was previously unavailable, (2) new controlling authority, or (3) a clear error in the prior ruling that would result in 'manifest injustice.'" CSX Transp. Inc. v. Norfolk S. Ry. Co., No. 2:18-cv-530, 2023 WL 2552343, at *3 n.4 (E.D. Va. Jan. 27, 2023); see also Wootten, 168 F. Supp. at 893 (explaining that courts have "distilled the grounds" for a Rule 54(b) motion to three circumstances); Norris v. PNC Bank, N.A., No. cv

---

[2] In his motion, Kruglyak requests that the court reconsider its order under Federal Rule of Civil Procedure 59(e). However, Rule 59(e) applies to motions to reconsider final judgments. See, e.g., Carlson v. Bos. Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017) (distinguishing Rule 59(e), which involves "final judgments," from Rule 54(b), which applies to a court's ability to "revise interlocutory orders [any time] before final judgment as the litigation develops and new facts or arguments come to light" (emphasis in original)). Because the court's March 28, 2023, Order dismissed the claims against only one defendant, the court will assess Kruglyak's motion under Rule 54(b).

3

ELH-20-3315, 2022 WL 5054099, at *6 (D. Md. Oct. 4, 2022) (explaining that "the Fourth Circuit has instructed that a court should revise an interlocutory order only to account for" one of three circumstances). The court assesses Kruglyak's motions within this framework.

### III.

Kruglyak offers four bases for which the court should reconsider its March 28, 2023, Order dismissing Phoebus from this action: (1) the court failed to recognize that Phoebus' subordinates created the factual discrepancy between the advertised product and the delivered product, (2) the court failed to apply the elements of fraud to Phoebus' conduct, (3) the court improperly classified Phoebus as an agent, rather than a "highly ranked principal," and (4) the court failed to identify that Phoebus owed a fiduciary duty to Kruglyak.[3] Because all four bases assert that the court misapplied the law, the court interprets Kruglyak's motion as arguing that the court should reconsider its Order on the grounds that doing so would correct "clear error of law to prevent manifest injustice." Wootten, 168 F. Supp. at 893.[4]

The Fourth Circuit instructs that "clear error causing 'manifest injustice'" is a difficult burden. Indeed, the court has noted "on more than one occasion" that—to warrant reconsideration—the error of the prior ruling must "strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va.,

---

[3] Kruglyak provides a fifth reason in support of his motion, but it appears to instead relate to Judge Sargent's November 2, 2022, Order, ECF No. 16, denying Kruglyak's motion to remand. Pl.'s Mot. to Reconsider, ECF No. 51, at 9 ("The decision of this Court to transfer the case based on the dollar amount of claims to be within its jurisdiction in order to later declare their value to be zero, represents an error of law and fact."). Judge Sargent's Order is at issue in Kruglyak's second motion for remand, ECF No. 55, which is currently pending before Judge Sargent. Accordingly, the court will not address Kruglyak's argument regarding remand here.

[4] While Kruglyak indicated that he included recordings of his phone calls with Phoebus and her associates "before and after the tub purchase" as an exhibit to the motion to reconsider, see ECF No. 51, at ¶ 8, he provides no basis as to why the recordings warrant the court's reconsideration of its earlier Order. He also does not argue that new controlling authority exists necessitating reconsideration of the Order.

LLC, 899 F.3d 236, 258 (4th Cir. 2018) (quoting TFWS, Inc. v. Franchot, 572 F.3d 186, 194 (4th Cir. 2009)) (concluding that the district court abused its discretion to grant the motion to reconsider because the earlier order did not amount to clear error causing manifest injustice). In other words, "[i]t must be dead wrong." Id.; see also U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency, 804 F.3d 646, 658 n.6 (4th Cir. 2015) (declining to reconsider a prior holding because "it doesn't strike us as wrong at all, much less dead-fish wrong").

Here, Kruglyak's arguments fail to establish that the court's Order was wrong, much less "dead-fish wrong." In fact, while Kruglyak offers four reasons why he believes the court erred, his motion boils down to his disagreement with well-settled principles of agency law and tortious liability. Indeed, in its March 28, 2023, Order, the court agreed with Judge Sargent that Kruglyak failed to establish (1) that Phoebus acted in her personal capacity when dealing with Kruglyak (i.e., outside the scope of her employment), or (2) that her alleged conduct amounted to misfeasance. Order, ECF No. 19.

These conclusions were based on two well-established principles under Virginia law. First, under the laws of agency liability, "[w]here an agent makes a full disclosure of the fact of his agency and the name of his principal . . . he incurs no personal responsibility," Richmond Union Passenger Ry. Co. v. N.Y. Seabeach Ry. Co., 95 Va. 386, 395, 28 S.E. 573, 576 (1897) (citations omitted), unless, of course, the agent executed the contract in his personal capacity "outside the scope of the agency relationship," House v. Kirby, 233 Va. 197, 199 n.**, 355 S.E.2d 303, 305 n.** (1987). Second, in cases involving tort liability of an employee to a third party, "[a]n employee may be liable for his own misfeasance (i.e., performance of an affirmative act done improperly), but not for his own nonfeasance (i.e., omission to do some

act which ought to be performed)." Quesenberry v. S. Elevator Co., Inc., 184 F. Supp. 3d 310, 315 (W.D. Va. 2016) (quoting Harris v. Morrison, Inc., 32 Va. Cir. 298 (1993)). For the reasons provided below, none of Kruglyak's four arguments persuades the court that it erred—much less "clearly erred"—in applying these principles to conclude that Phoebus cannot be held personally liable in this action.

First, Kruglyak ascribes error to the court's "misapprehension of the factual discrepancy between product advertised and product delivered created by subordinates of Mrs. Phoebus to be the primary cause of damages." Pl.'s Mot. to Reconsider, ECF No. 51, at 3. He argues that the exhibits to the complaint "clearly demonstrate[]" that the product advertised "differs significantly from the product delivered." Id., at 3–4. This restates prior arguments, including from his objections to Judge Sargent's report and recommendation, in which he argued that Phoebus should be subject to personal liability because she "knew or reasonably should have known about [the] discrepancy between [the] product advertised and product delivered and had full and fair opportunity to [discover and inspect] the delivered item." Pl.'s Objs. to R&R, ECF No. 18, at ¶ 12.

As the court previously explained, Phoebus cannot be tortiously liable for the alleged acts of her subordinates through a failure to act (i.e., nonfeasance). See Order, ECF No. 19, at 3. Here, Kruglyak's objection argues just that—Phoebus' alleged inaction with respect to her failure to identify and remedy the differences between the product advertised and the product delivered should render her personally liable. Instead, however, Kruglyak's allegations amount to, at best, an argument for nonfeasance, for which Phoebus cannot be personally liable. See, e.g., Saunders v. Boddie-Noell Enterprises, Inc., No. 7:08CV110, 2008 WL

2553047, at *2 (W.D. Va. June 25, 2008) (concluding that there is "no possibility" that the defendants would be held liable under Virginia law because the plaintiff's allegations that the defendants "omitted to do acts which should have been performed[] constitute acts of nonfeasance, and not misfeasance"). Accordingly, the court finds that it did not err on this basis.

Second, Kruglyak argues that he has stated a claim for fraud as to Phoebus, and that the court improperly "depart[ed] from the reasoning in [the] elements of fraud and instead . . . relie[d] solely on [the] contractual agent-principal relationship." Pl.'s Mot. to Reconsider, ECF No. 51, at 4. In other words, Kruglyak again disregards the issue of whether Phoebus can be held personally liable in her capacity as an employee of Home Depot, instead arguing that the court erred in not applying the elements of a prima facie fraud claim to Phoebus' conduct.

This argument does not help Kruglyak avoid the court's determination that Phoebus is not personally liable under Virginia agency law. As the court has stated, the "general rule" is that an agent who makes "full disclosure of the fact of his agency" along with the name of their principal "incurs no personal responsibility." Inova Health Sys. Servs., Inc. v. Bainbridge, 81 Va. Cir. 39 (2010) (quoting Richmond Union Passenger Ry. Co., 95 Va. at 395, 28 S.E. at 576). "[T]he presumption is that [the agent] intends to bind only his principal," and the party seeking to establish the agent's personal liability bears the burden of proof to rebut the presumption. See Richmond Union Passenger Ry. Co., 95 Va. at 395, 28 S.E. at 576.

Here, Kruglyak, by arguing that the court should disregard this well-established principle of Virginia agency law, has not attempted to rebut the presumption that Phoebus

acted for Home Depot when dealing with Kruglyak. Instead, the allegations in his complaint confirm that the presumption should apply. See, e.g., Compl., ECF No. 1-3, at ¶¶ 4, 15, 18 (alleging that Phoebus is a manager of a Home Depot store and that Kruglyak communicated with Phoebus through her "work email" that features a Home Depot domain (karen_j_phoebus@homedepot.com)); see also Compl., ECF No. 1-3, Exh. J (showing an email from Phoebus bearing a signature that states "Ops ASM Hope Depot 4658"). Accordingly, it was not error for the court to determine that Phoebus acted within the scope of her agency relationship with a disclosed principal, Home Depot, when dealing with Kruglyak, shielding her from personal liability under Virginia agency law, and his argument therefore does not provide a basis for the court to amend its prior ruling.

Next, Kruglyak argues that the court improperly identified Phoebus as an agent because "the pleadings and evidence show" that she is actually "a highly ranked principal with executive powers over employees" and she exercises control over "finance and merchandise supply management" at Home Depot. Pl.'s Mot. to Reconsider, ECF No. 51, at 5–7. He argues that, as a principal, Phoebus is liable for the misrepresentations made by her subordinates regarding the tub "by failing to reprimand [them]" and by failing to exchange the tub for the correct model, under the doctrine of respondeat superior. Id.

Under Virginia law, the doctrine of respondeat superior provides that "an employer is liable for the tortious act of his employee if the employee was performing his employer's business and acting within the scope of his employment." Kensington Assocs. v. West, 234 Va. 430, 432, 362 S.E.2d 900, 901 (1987). The doctrine is predicated on the existence of an employer-employee relationship. See id. (explaining that, once "an employer-employee

relationship has been established," the burden is then on the employer to prove that the employee was acting outside the scope of their employment to avoid liability). Here, the complaint pleads that Phoebus is a manager at a Home Depot store, see Compl., ECF No. 1-3, at ¶ 4, and Kruglyak does not dispute that Home Depot employs Phoebus. Accordingly, any respondeat superior liability would apply to Home Depot, as the employer, and Kruglyak's attempted application of the doctrine to Phoebus' liability is misplaced.

Finally, Kruglyak asserts that Phoebus owed a duty of care and fiduciary duty to Kruglyak. Pl.'s Mot. to Reconsider, ECF No. 51, at 7–8. As Kruglyak properly identifies, a court must ascertain the source of the duty violated to determine whether a plaintiff has stated a claim under the laws of contract or tort. See Richmond Metro. Auth. v. McDevitt St. Bovis, Inc., 256 Va. 553, 558, 507 S.E.2d 344, 347 (1998). However, Kruglyak then argues that Phoebus "was more than negligent" and owed Kruglyak a "duty of reasonable care . . . beyond the level of mere customer service to an invitee." Pl.'s Mot. to Reconsider, ECF No. 51, at 8. He also argues that Phoebus owed Kruglyak a "fiduciary duty" arising out of Phoebus' access to his "Home Depot Pro financial loyalty account." Id.

As the court has previously explained, Phoebus owed Kruglyak no duty under either contract or tort law. Under contract law, Phoebus acted as the agent of a disclosed principal, which binds the principal (Home Depot) to the contract, not Phoebus. See Richmond Union Passenger Ry. Co., 95 Va. at 395, 28 S.E. at 576 (explaining that, unless there exists evidence to rebut it, "the presumption is that [the agent] intends to bind only his principal"). Under tort law, Virginia law instructs that courts answer the "question of whether the employee owes a duty to the third person by denominating the employee's alleged act as one of misfeasance or

nonfeasance." Harris v. Morrison, Inc., 32 Va. Cir. 298, at *1 (1993) (explaining that the defendant employee's nonfeasance meant that there was "no possibility" that the plaintiff could recover from the employee). Because Phoebus' conduct amounts to, at most, nonfeasance under the facts alleged, Phoebus owed no duty to Kruglyak under tort law.[5]

In summary, because Kruglyak has not shown that the court's March 28, 2023, Order contains any error, let alone "clear error resulting in manifest injustice," Kruglyak's motions to reconsider, ECF Nos. 21 and 51, are **DENIED**.

An appropriate Order will be entered.

Entered: February 15, 2024

Michael F. Urbanski
Chief United States District Judge

---

[5] The court also rejects Kruglyak's claim that Phoebus owed Kruglyak a fiduciary duty. Under Virginia law, "[a] fiduciary relationship exists in all cases when special confidence has been reposed in one who in equity and good conscience is bound to act in good faith and with due regard for the interests of the one reposing the confidence." Augusta Mut. Ins. Co. v. Mason, 274 Va. 199, 207, 645 S.E.2d 290, 295 (2007). No such relationship exists between Phoebus and Kruglyak here.