## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | | |
|---|---|---|
| **VLADIMIR KRUGLYAK, d/b/a** | ) | |
| **Fruklyak, Inc.,** | ) | |
| **Plaintiff,** | ) | **Civil Action No.: 1:22cv00024** |
| | ) | |
| **v.** | ) | |
| | ) | **MEMORANDUM ORDER** |
| **HOME DEPOT U.S.A., INC.,** | ) | |
| **Defendant** | ) | |

Plaintiff, Vladimir Kruglyak, doing business as Fruklyak, Inc., ("Kruglyak"), initiated this civil action, pro se, against Home Depot U.S.A., Inc., ("Home Depot"), and Karen J. Phoebus, ("Phoebus"),[1] in state court. The defendants removed Kruglyak's claims to this court on June 3, 2022. Thereafter, Kruglyak moved the court to remand his claims to state court, (Docket Item No. 8), but by Order dated November 2, 2022, the motion was denied. (Docket Item No. 16.) Kruglyak seeks to recover actual, treble and punitive damages, plus costs and attorney's fees,[2] for various state and federal causes of action arising from the online purchase of a bathtub.

The matter currently is before the court on Kruglyak's Motion for Leave To Amend The Complaint And Case Caption To Remove Fruklyak, Inc. And Add

---

[1] By Order entered March 28, 2023, the court dismissed Phoebus as a defendant, pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), adopting the undersigned's Report and Recommendation in its entirety. (Docket Item Nos. 17, 19.) The district court, thereafter, denied Kruglyak's motions to reconsider, (Docket Item Nos. 21, 51), in a Memorandum Opinion entered February 15, 2024. (Docket Item No. 63.)

[2] Kruglyak's Complaint does not explain how, as a pro se litigant, he would be entitled to attorney's fees.

Defendants Alain Mendoza And Cindie Tipton, (Docket Item No. 36); Kruglyak's Motion For Declaratory Relief, (Docket Item No. 39); and Plaintiff's Second Motion To Remand, (Docket Item No. 55).

The motions were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A). A hearing was held on the motions on November 27, 2023,[3] at which the plaintiff appeared pro se.[4]  Based on the arguments and representations of the parties at the hearing and contained in the pleadings, and for the reasons set out below, the Motion For Declaratory Relief, (Docket Item No. 39), is **DENIED**, the Motion to Amend, (Docket Item No. 36), is **GRANTED in part and DENIED in part**, and Plaintiff's Second Motion To Remand, (Docket Item No. 55), is **GRANTED**.

## I.    Facts[5]

By Complaint[6] made under penalty of perjury and filed May 4, 2022, Kruglyak stated that he is a homeowner and resident of Bristol, Tennessee.  (Docket

---

[3] The Motion to Remand was filed after this hearing.

[4] Also at this hearing, the court heard arguments with regard to Kruglyak's Motion For A Preliminary Or Permanent Injunction, (Docket Item No. 31), and Home Depot's Motion For Summary Judgment, (Docket Item No. 33.)  The undersigned disposed of these motions by Report and Recommendation entered on February 6, 2024.  (Docket Item No. 62.)

[5] The "Factual Background" sections contained in the original Complaint and in Kruglyak's proposed Amended Complaint are the same.

[6] Kruglyak's Complaint listed causes of action for fraudulent misrepresentation, breach of contract, violation of the Virginia Consumer Protection Act, breach of express and implied warranties, unjust enrichment, constructive fraud, negligence and violation of the federal Magnuson-Moss Warranty Act and the Uniform Commercial Code.  In the February 6, 2024, Report and Recommendation, the undersigned recommended granting summary judgment in favor of Home Depot on all of these causes of action, except for the breach of contract claim.  (Docket

Item No. 1-3, ("Complaint"), at 2.)  He stated that Home Depot is a nationwide retail corporation with its principal office in Atlanta, Georgia.  (Complaint at 2.)  Kruglyak further stated that Phoebus is a manager of the Bristol, Virginia, Home Depot store and/or that she resides in Virginia.  (Complaint at 2.)

Kruglyak stated that, on or about June 3, 2021, he found an advertisement of an "Ariel 60 in. Center Drain Corner Alcove Whirlpool Bathtub in White" on Home Depot's website, www.homedepot.com, priced at $1,799 before tax with free shipping.  (Complaint at 2.)  He stated that the tub "fitted by size and plumbing … the plaintiff's bathroom renovation project and had desired health benefitting functions according to the advertisement."  (Complaint at 2-3.)  Kruglyak attached a printout of the screenshot of the tub's web advertisement as Exhibit A to the Complaint. (Complaint at 17-20.)  Upon viewing the images and reading the description of the tub, Kruglyak alleged that he believed the following regarding the tub:

a)  the tub has the electronic control panel between headrests that regulates water temperature, the underwater LED lights, and water jets.

b)  the control panel has up and down temperature control buttons and hence the tub is able to maintain the chosen level of temperature without a need of adding hot water beyond the stated in the advertisement 98 gallons capacity of the tub;

c)  the tub has water heater that maintains temperature to allow for "ultimate relaxation" as described in the verbatim description of the product attached herein as ***Exhibit B***;

d)  the tub is unable to heat up fast the cold water;

---

Item No. 62.)  By Memorandum Opinion and Order, entered on February 15, 2024, the district court adopted the Report and Recommendation in its entirety.  (Docket Item Nos. 63, 64.) Kruglyak filed timely objections to the Report and Recommendation, on which the district court has not yet ruled.  (Docket Item No. 66.)  Kruglyak has, however, filed an interlocutory appeal to the Fourth Circuit.  (Docket Item No. 69.)

f)[sic] the tub has a power cord to plug-in into a standard 110V wall
      outlet.

(Complaint at 3) (emphasis in original).

Kruglyak stated that, from June 3 to June 21, 2021, he made multiple phone calls to "the defendants," asking questions about the functions of the tub. (Complaint at 3.) Kruglyak's Complaint does not specify to whom he spoke during these phone calls or the person's location. Kruglyak stated that the defendants provided no information as to the images or verbatim description or of the tub's web advertisement being inaccurate in any way. (Complaint at 3.) He stated that the defendants also confirmed the absence of a showroom with an actual tub in the nearest Home Depot store. (Complaint at 3.) According to Kruglyak, he purchased the tub "by making on-line payment using Bristol, Virginia Home Depot store" as indicated in the purchase receipt he attached to the Complaint as Exhibit C. (Complaint at 3, 23-24.) Kruglyak stated the tub, contained in a wooden crate, was delivered by a Home Depot vehicle on or about July 7-9, 2021, and was left outside the residence on a terrace until he reached a point in his renovation project that it was ready to be unpacked and brought inside the bathroom. (Complaint at 4.) Upon unpacking the tub, on or about August 22, 2021, Kruglyak stated, the tub was missing "the depicted and verbatim described parts such as control panel, LED lights, and a water heater." (Complaint at 4.) Kruglyak attached images of the tub actually received as Exhibit E to the Complaint. (Complaint at 27-28.)

Kruglyak stated that, since August 22, 2021, he has contacted Phoebus, the Bristol, Virginia, Home Depot store manager, by phone and email numerous times, demanding that the missing parts be installed on the tub or that the tub be exchanged

for the tub matching the advertised images and verbatim descriptions at no additional cost. (Complaint at 4.) He attached logs of phone calls he claims were to Phoebus and copies of emails to her as Exhibit F to the Complaint. (Complaint at 29-35.) Upon requesting a refund through the method of payment, PayPal, Kruglyak stated, the defendants offered to allow him to return the purchased tub for a store credit, but at a shipping and handling expense to Kruglyak of $1,802. (Complaint at 5.) Kruglyak stated that, without the correct tub, he has been unable to complete the renovations to the residence, causing him a loss of rental income at a rate of at least $250 per day for more than six months. (Complaint at 5.)

Contained in Kruglyak's response in opposition to Home Depot's motion for summary judgment, is a three-page declaration made under penalty of perjury, (Docket Item No. 35, ("Declaration"), at 4-6). In this Declaration, Kruglyak stated that he is "a private homeowner and consumer and not a commercial entity …. I file my taxes annually on 1099 basis using my name and a disregarded entity name that is different from any names used by Defendant[]. If the website of Defendant[] has the business name Fruklyak Inc. or Fruklyak, LLC, this is a non-existing and not registered anywhere fictitious business name created by Defendant[] for the purpose of initiating for me the volume based loyalty and rebate account known as Pro Xtra. I included this name in the case caption in error . …" (Declaration at 4.) Kruglyak also stated:

> I have purchased the tub from Defendant[] for my own use to treat with hot water therapy the long-term health issue of mine known as hemorrhoids. … As a result of Defendant[] not delivering the tub I paid for, my health has deteriorated. My bathroom became unfit for regular use due to Defendant[] trespassing my property and encumbering it with bulky product I did not order. The presence of the wrong tub at the property causes unfinished tile floor and wall tile and no functional toilet. The funds requested as compensation of damages

of $250 per day can be used for labor cost to finish the tile and toilet installation and for paying my medical bills for doctor's visits, treatment, and health diagnostics resulted from inaction of Defendant[].

I have also hosted travelers in my home, before the purchase and delivery of the heavy and dysfunctional tub, for the short, one or two nights stays as an individual owner only.

I did not see the tub in the showroom before purchase and relied on the images at the website showing temperature control panel and installation instructions showing the same. If I had known that those images were inaccurate as to the temperature control panel, I would not have purchased the tub from Defendant[].

The delivered tub was in the heavy wooden cage and did not contain any image or label suggesting the absence of the temperature control panel on the covered tub. Since delivery of July 6, 2021, I did not have labor help until September to dismantle the cage, carry tub inside, and see the wrong tub delivered.

(Declaration at 4-5.)

In his Complaint, Kruglyak seeks actual, treble and punitive damages totaling $313,176 plus costs and attorney's fees.

## II.    *Analysis*

In his Motion For Declaratory Relief, (Docket Item No. 39), Kruglyak seeks a "declaration of his real estate property and consumer rights[,]" pursuant to Federal Rules of Civil Procedure Rule 57, as well as 28 U.S.C. §§ 2201, 2202. (Docket Item No. 39 at 1.) Specifically, he seeks a declaration of his rights to have his real property unencumbered by the "bulky nuisance object" he did not order from Home Depot; that his rights to "possess, control, enjoy, and exclude [from his real property]" be fully restored; and that his "consumer rights to reject the [bathtub delivered] be restored." (Docket Item No. 39 at 4.) The Declaratory Judgment Act, ("Act"), provides that "[i]n a case of actual controversy within its jurisdiction, …

any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The United States Court of Appeals for the Fourth Circuit has set forth three essential elements that must be met before a federal court may properly exercise jurisdiction over a declaratory judgment action:

> (1) the complaint [must] allege[] an "actual controversy" between the parties "of sufficient immediacy and reality to warrant issuance of a declaratory judgment;" (2) the court [must] possess[] an independent basis for jurisdiction over the parties (e.g., federal question or diversity jurisdiction); and (3) the court [must] not abuse its discretion in its exercise of jurisdiction.

*Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 592 (4th Cir. 2004) (citations omitted). As Home Depot states in its opposition brief, the Supreme Court has held that an "actual controversy" under the Act "must be definite and concrete, touching the legal relations of parties having adverse legal interests … as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937) (citations omitted). The Fourth Circuit Court of Appeals has held that "an actual controversy exists under the … Act when a plaintiff seeks declaratory relief in order to avoid the accrual of potential damages for past actions." *Volvo Constr. Equip. N. Am., Inc.*, 386 F.3d at 593 (citation omitted).

Nonetheless, it is clear that the Act provides the district courts discretion, as it states that a court "may declare" the rights of parties seeking declaratory relief. 28 U.S.C. § 2201(a); *see United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493 (4th

Cir. 1998) ("[t]his permissive language has long been interpreted to provide discretionary authority to district courts to hear declaratory judgment cases.") (citation omitted). A declaratory judgment "is appropriate 'when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and … when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 256 (4th Cir. 1996) (quoting *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937)). The Fourth Circuit has stated that the purpose of declaratory relief is to "allow[] the uncertain party to gain relief from the insecurity caused by a potential suit waiting in the wings." *Kapiloff*, 155 F.3d at 494. With regard to a moving party's uncertainty, the United States District Court for the Eastern District of Virginia has stated that there are two key principles of the Act: (1) "if a suit for actual relief has already been filed, then the insecurity of looming litigation does not exist … [thus] the courts disfavor a subsequent action for declaratory judgment that would interfere with an action which has already been instituted[]"; and (2) "declaratory judgments are designed to declare rights so that parties can conform their conduct to avoid future litigation." *Hipage Co., Inc. v. Access2Go, Inc.*, 589 F. Supp. 2d 602, 615 (E.D. Va. 2008) (internal quotations and citations omitted). This being the case, the court will not issue declaratory judgments "if the questionable conduct has already occurred or damages have already accrued." *Tapia v. U.S. Bank, N.A.*, 718 F. Supp. 2d 689, 695 (E.D. Va. 2010).

In this case, I find that granting declaratory relief at this point in the litigation would not be appropriate, as it would be inconsistent with the Act. Specifically, the wrong Kruglyak allegedly suffered as a result of Home Depot's conduct already has occurred, and he alleges that damages already have accrued. Because Kruglyak

already has filed a suit for relief, the insecurity of looming litigation the Act seeks to prevent simply does not exist.  Thus, I find that granting declaratory relief in this case would interfere with the action Kruglyak already has initiated against Home Depot.  For these reasons, I will deny Kruglyak's Motion For Declaratory Relief.

In the Motion to Amend, (Docket Item No. 36), Kruglyak seeks to add two new defendants, Alain Mendoza, ("Mendoza"), and Cindie Tipton, ("Tipton"), and to reinstate Phoebus, who, as stated above, this court previously dismissed as a defendant.  He also seeks to add 12 new causes of action in addition to the 11 causes of action contained in the initial Complaint.  These additional causes of action are: (1) negligent hiring; (2) gross negligence; (3) breach of fiduciary duty; (4) vicarious liability; (5) fraud in the inducement; (6) conspiracy; (7) breach of warranty; (8) breach of good faith and fair dealing; (9) trespass; (10) dissemination of false advertisement; (11) violation of federally protected consumer rights; and (12) damages to health.  Lastly, Kruglyak seeks to remove the fictitious business name, "Fruklyak, Inc.," as a plaintiff in this action.

According to Federal Rules of Civil Procedure Rule 15, a party may amend its pleading with the "court's leave. … [and] [t]he court should freely give leave when justice so requires."  FED. R. CIV. P. 15(a)(2).  The Fourth Circuit has emphasized that this directive is "not simply a suggestion, but rather a 'mandate to be heeded,'" *Devil's Advoc., LLC v. Zurich Am. Ins. Co.*, 666 F. App'x 256, 267 (4th Cir. 2016) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) and that "[m]otions for leave to amend should generally be granted in light of '[t]his Circuit's policy to liberally allow amendment,'" *Abdul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 293 (4th Cir. 2018) (quoting *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010)).  Nonetheless, a district court may deny leave to amend under certain

circumstances, including undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party and futility. *See Doe v. Sutton-Wallace*, 2019 WL 5088769, at *3 (W.D. Va. Oct. 10, 2019) (citing *Foman*, 371 U.S. at 182); *see also Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). "A proposed amendment is futile when it is clearly insufficient or frivolous on its face … [or] if the claim it presents would not survive a motion to dismiss." *Ball v. Streeval*, 655 F. Supp. 3d 436, 440 (W.D. Va. 2023) (quoting *Save Our Sound OBX, Inc. v. N.C. DOT*, 914 F.3d 213, 228 (4th Cir. 2019)).

With regard to adding Mendoza and Tipton and reinstating Phoebus as defendants in this case, I find that allowing such an amendment would be futile. This court previously granted Phoebus's motion to dismiss, dismissing all claim against her. The motion to dismiss was granted because the court found that Phoebus was not personally liable for any of Kruglyak's claims against her because she was acting within her agency relationship with her employer, Home Depot. (Docket Item No. 19 at 3.) Kruglyak, likewise, admits in the Motion to Amend that Mendoza and Tipton are agents of Home Depot. As the court stated in dismissing Phoebus, there is a presumption that an agent intends to bind only his principal, and the individual seeking to establish an agent's personal liability bears the burden of proof. *See Richmond Union Pass Ry. Co. v. N.Y. Seabeach Ry. Co.*, 28 S.E. 573, 576 (Va. 1897). As Home Depot correctly states in its opposition brief, the Virginia Supreme Court has held that a court has discretion "to dismiss [a] claim with prejudice when amendment or reconsideration 'would accomplish nothing more than provide an opportunity for reargument of the question already decided.'" *Primov v. Serco, Inc.*, 817 S.E.2d 811, 816 (Va. 2018) (quoting *Hechler Chevrolet, Inc. v. Gen. Motors Corp.*, 337 S.E.2d 744, 749 (Va. 1985)). I find that is the case here. Specifically, in his proposed Amended Complaint, Kruglyak alleges Mendoza is the "agent of Home

Depot" and is in charge of issuing refunds, returns and exchanges for products advertised at Home Depot's website.   (Docket Item No. 36-1, ("Amended Complaint"), at 2.)  In another section of the Amended Complaint, Kruglyak refers to Mendoza as a Customer Service Representative.  (Amended Complaint at 6.)  He alleges Phoebus is the "Assistant Store Manager who is responsible for dispatching purchased and returned products to and from the store in Bristol, Virginia." (Amended Complaint at 2.)  Kruglyak alleges that Tipton is the "Store Manager who controls the actions or lack thereof of … Phoebus and manages the entire Home Depot store in Bristol, Virginia."  (Amended Complaint at 2.)  In other sections of the Amended Complaint, Kruglyak specifically refers to Home Depot as the "principal" and "disclosed principal" and to Phoebus, Mendoza and Tipton as the "agents" of Home Depot.  (Amended Complaint at 1, 2, 6, 25, 30.)

As stated above, Kruglyak bears the burden of pleading facts establishing the personal liability of Phoebus, Mendoza and Tipton.  This he has not done.  Mendoza and Tipton acted as agents of Home Depot, just as Phoebus did, and this court already has determined that Phoebus cannot be held personally liable for that reason. That being the case, I find that allowing Kruglyak to amend his Complaint to add Mendoza and Tipton as defendants and to reinstate Phoebus as a defendant would be nothing more than an exercise in futility.  Therefore, I will deny his Motion to Amend in this regard.

Next, with regard to Kruglyak's request to add 12 new causes of action, the court, likewise, will deny the Motion to Amend.  First, because Kruglyak seeks to add the cause of action for vicarious liability, Count IV in the proposed Amended Complaint, and the cause of action for fraud, fraudulent misrepresentation and fraud in the inducement, Count VI, against only Tipton, I find that these would be futile,

as the court already has denied Kruglyak's Motion to Amend with regard to adding Tipton as a defendant. Thus, the Motion to Amend to add these two causes of action is denied on this ground.

In the Motion to Amend, Kruglyak states he is asserting the new causes of action "due to additional information found upon discovery," and there was "no undue delay, bad faith, or dilatory ulterior motive" by him. (Docket Item No. 36 at 2, 5.) He alleges that allowing him to file the Amended Complaint would "serve justice and promote judicial efficiency," and there would be no "substantial or undue prejudice to the original Defendants." (Docket Item No. 36 at 4-5.) Conversely, Home Depot argues that allowing such an amendment is prejudicial to it, is untimely and lacks good cause[7] and would be futile. As stated above, a court may deny leave to amend for undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party and futility. *See Foman*, 371 U.S. at 182; *Johnson*, 785 F.2d at 509-10; *Doe*, 2019 WL 5088769, at *3. Courts have held that a defendant is more likely to be prejudiced the further a case has progressed. *See Moore v. Va. Cmty. Bankshares, Inc.*, 2022 WL 969767, at *11 (W.D. Va. Mar. 30, 2022). Prejudice "will often be determined by the nature of the amendment and its timing." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). For example, an amendment is prejudicial where it "raises a new legal theory that would require the

---

[7] Although Home Depot argues that Kruglyak must show good cause under Federal Rules of Civil Procedure Rule 16, because a scheduling order already has been entered in this case, thereby making Kruglyak's motion to amend untimely, I find that this argument is in error. Specifically, no scheduling order has been entered in this case setting forth a deadline for amending pleadings. While the parties filed a Joint Rule 26(f) Report, (Docket Item No. 24), on May 1, 2023, it did not include a deadline for amending pleadings. Instead, in that Report, with regard to amending the pleadings, Kruglyak requested to reserve amendment to causes of action, to add names of individual defendants and to amend the case caption until discovery was completed. Home Depot did not agree to amendment of the pleadings after discovery, but, instead, stated that such amendment should be sought in accordance with the Federal Rules of Civil Procedure.

gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial." *Laber*, 438 F.3d at 427 (quoting *Johnson*, 785 F.2d at 510). By contrast, an amendment is not prejudicial if it simply "adds an additional theory or recovery to the facts already pled and is offered before any discovery has occurred." *Laber*, 438 F.3d at 427 (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)) ("Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of the defendant's case."). However, delay, in and of itself, is not an adequate reason to deny a motion to amend. *See Davis*, 615 F.2d at 613. A district court may not deny such a motion merely because it has entered judgment, whether it be judgment of dismissal, summary judgment or a judgment after a trial on the merits, against the plaintiff. *See Laber*, 438 F.3d at 427 (citations omitted). In evaluating such a post-judgment motion to amend, the court uses the same legal standard as a motion filed before judgment was entered – for prejudice, bad faith or futility. *See Laber*, 438 F.3d at 427 (citations omitted). Nonetheless, the further a case has progressed before judgment was entered, the more likely the amendment will be deemed prejudicial to the defendant or the court will find bad faith by the plaintiff. *See Laber*, 438 F.3d at 427 (citing *Adams v. Gould*, 739 F.2d 858, 864 (3d Cir. 1984)) ("[T]he factors that must guide our review may be affected by the fact that a summary judgment was granted before plaintiffs sought leave to amend their complaint.").

Here, I find that Kruglyak's failure to include in his original Complaint the legal theories he now seeks to add in his proposed Amended Complaint could reasonably be interpreted as bad faith on his part. A bad faith inquiry requires an analysis related to the plaintiff's motive for not amending his complaint earlier. *See Pine Mountain Oil & Gas, Inc. v. Equitable Prod. Co.*, 446 F. Supp. 2d 643, 649

(W.D. Va. 2006) (citing *Adams*, 739 F.2d at 868). Kruglyak states in his Motion to Amend that the "new Complaint is supported by facts and information uncovered by Plaintiff and provided by Defendants." (Docket Item No. 36 at 5.) He also states that the proposed Amended Complaint seeks to add new counts based on conduct and practices that Phoebus, Tipton and Mendoza have admitted in court filings and discovery responses. (Docket Item No. 36 at 5.) However, he does not specify this conduct or these practices, nor does he state when he learned of them. Although leave to amend "ordinarily is to be liberally granted, amendments of pleadings are particularly inappropriate, absent exceptional circumstances, once discovery has closed." *Smithfield Foods Inc. v. United Food & Com. Workers Int'l Union*, 254 F.R.D. 274, 277 (E.D. Va. 2008) (quoting *Remington Arms Co. v. Mod. Muzzleloading, Inc.*, 1998 WL 1040949, at *2 (M.D. N.C. Dec. 17, 1998)); *see also Toth v. Glazer*, 163 F.R.D. 549, 549-50 (E.D. Wis. 1995) (denying defendant's motion to amend where discovery had closed since "an amendment here would prejudice the plaintiff either by denying them [sic] discovery or by adjourning the case."); *Elf Atochem, N. Am., Inc. v. United States*, 161 F.R.D. 300, 301-02 (E.D. Pa. 1995) ("Motion [to amend] is untimely based on the fact that discovery is virtually complete, and trial is looming close.").

Here, as stated above, no scheduling order has been entered in this case. However, the parties did enter a Rule 26(f) Report in May 2023, in which they agreed that discovery would close September 1, 2023. The court has been supplied no information to the contrary. Therefore, I will assume that discovery in this case has been closed. The court also is unaware of any exceptional circumstances presented by this case. Moreover, in the Motion to Amend, Kruglyak states that he "seeks to litigate further the case using new material facts rather than rehashing old issues." (Docket Item No. 36 at 5.) He further states that the new causes of action and new

defendants "add allegations in furtherance of justice and not regurgitate previous pleadings for other reasons." (Docket Item No. 36 at 5.) However, as the Fourth Circuit stated in *Omni Outdoor Advert., Inc. v. Columbia Outdoor Advert., Inc.*, 974 F.2d 502, 506 (4th Cir. 1992), while Rule 15 promotes liberal amendment of pleadings, it "does not afford plaintiffs a tool to engage in the litigation of cases one theory at a time." It appears this is what Kruglyak is attempting to do here. Kruglyak did not file the Motion to Amend until nine days after Home Depot filed its Motion for Summary Judgment. At that time, as far as the court can tell, discovery had been closed since September 1, 2023, more than six weeks. Thus, I find that Kruglyak could have asserted the proposed amendment earlier in the case, rendering a more efficient expenditure of judicial resources. *See Pine Mountain*, 446 F. Supp. 2d at 650.

Moreover, while delay alone is insufficient to deny leave to amend, that is not to say it is irrelevant, particularly when a party's motion to amend is predicated on information which has long been known to it. *See Smithfield Foods Inc.*, 254 F.R.D. at 279. The Fourth Circuit has held it is within the district court's sound discretion to deny leave to amend when a motion is made after the close of discovery and is based on information known to the moving party during the discovery phase of the case. *See Smithfield Foods Inc.*, 254 F.R.D. at 279 (citing *First Nat'l Bank v. Master Auto Serv. Corp.*, 693 F.2d 308, 314 (4th Cir. 1982) (denying leave to amend 19 days before trial).

Here, I find that all of the claims Kruglyak now seeks to add were available to him previously based on the facts he knew at the time he filed the original Complaint. For instance, he would have known all the facts asserted in his proposed Amended Complaint with regard to the negligent hiring and supervision claim, as it

focuses on Home Depot's alleged negligence in selecting, supervising and training its Management and Customer Service Agents with regard to their failure to "rectify the wrong delivery without expense to [him] and demanded to ship the wrong tub to Atlanta at [his] expense." (Amended Complaint at 7.) Kruglyak has alleged these basic facts all along. Likewise, with regard to his new claim for a violation of federally protected consumer rights, it is based on facts known at the time of the original Complaint. Specifically, Kruglyak alleges in the proposed Amended Complaint that he had a right to product warranties and disclosures at the Home Depot webpage and on the packaging of the delivered product. (Amended Complaint at 8.) He further alleges Tipton, Mendoza and Phoebus willfully violated these warranties and product disclosures by sending an unlabeled container to him, which he discovered was the wrong tub only upon opening, and which these proposed defendants declined to return and/or exchange at no expense to him. (Amended Complaint at 8.) Again, it is clear that Kruglyak was aware of all these facts upon which this new cause of action is based at the time he filed the original Complaint. The undersigned also would like to point out that, with regard to Kruglyak's new claim for damages to health, he alleges, for the first time, a health condition requiring regular therapy with hot water and bath salts, which a sitz bath would not have been adequate. (Amended Complaint at 27.) Kruglyak alleges that, after more than two years without such regular therapy, he has developed intestinal cysts and masses that now require surgical attention. (Amended Complaint at 27.) Kruglyak did not allege such a health condition in his original Complaint. In fact, the first time he made mention of a health condition was in a sworn Declaration submitted with his opposition to the defendant's Motion for Summary Judgment. In that Declaration, Kruglyak states he has had hemorrhoids and rectal bleeding on a long-term basis, which require daily hot water therapy, preferably with bath salts, for at least an hour to achieve results. (Docket Item No. 35 at 4.) He also stated he

had been trying to treat these conditions with a sitz bath device, but this had been ineffective because it does not heat water.  (Docket Item No. 35 at 4.)  Kruglyak stated that, as a result of the defendant's failure to deliver the tub he thought he was purchasing and paid for, his health has deteriorated.  (Docket Item No. 35 at 4.)  According to Kruglyak, he has medical records from Boston Medical Center and Cigna showing he suffers from these conditions. (Docket Item No. 35 at 4.)  As this cause of action centers around Kruglyak's own health condition, he undoubtedly had access to this information at the time he filed the original Complaint.  Nonetheless, he inexplicably failed to bring this claim at that time.  The same can be said for the remainder of the new claims Kruglyak seeks to add in his proposed Amended Complaint, and the court will not discuss each one separately.  Suffice it to say, the facts upon which each claim is based were available to him at the time he filed his original Complaint, yet he did not attempt to bring these claims until now.

For all the above-stated reasons, I find that it is reasonable to conclude that Kruglyak acted in bad faith in not bringing these new causes of action until now, and Home Depot would be unduly prejudiced by allowing him to amend his Complaint at this juncture.  That being the case, I will deny his Motion to Amend as it relates to the new claims not already addressed herein.

With regard to the 11 claims contained in the original Complaint, the facts now advanced in the proposed Amended Complaint are the same, with the exception of those alleged with respect to Kruglyak's Virginia Consumer Protection Act claim. In particular, at the November 27, 2023, hearing, Kruglyak argued he would be using the tub for personal use to treat a medical condition, as explained above.  Likewise, in his Declaration, he stated he was a private homeowner and consumer, not a commercial entity within the meaning of the VCPA.  Thus, the court will discuss

whether Kruglyak now has sufficiently alleged facts to support a claim under the VCPA.  For the reasons that follow, I find he has not.  As stated in the February 6, 2024, Report and Recommendation, the VCPA applies to "consumer transaction[s,]" which is defined as "[t]he advertisement, sale, ... or offering for sale ... of goods or services to be used primarily for personal, family or household purposes." VA. CODE ANN. § 59.1-198 (2019).  Even though Kruglyak now alleges he is not a commercial entity, and he required the tub to treat his hemorrhoids on a daily basis, the proposed Amended Complaint continues to make clear that he intended to use the tub for the renovation of an income-producing rental property. He seeks damages of at least $250 per day as a result of not being able to advertise the rental property on a traveler's website due to being delivered the wrong tub.  Thus, even if the court assumes Kruglyak would use the tub, personally, on a daily basis, it still cannot find it is to be used "*primarily* for personal, family or household purposes," as required by the VCPA.

Lastly, in the Motion to Amend, Kruglyak seeks to remove the fictitious business name of "Fruklyak, Inc." as a plaintiff in this action, as it was created by Phoebus and/or her agents in order to open his Home Depot Pro Xtra loyalty and rebate account.  (Motion to Amend at 2.)  Kruglyak states he pays local taxes and files federal taxes in his own name and as a "disregarded entity," not the one named by the defendant, for all entrepreneurial activities.  (Motion to Amend at 2.)  In its response in opposition, Home Depot states it does not believe Fruklyak, Inc. is a party to this case, stating that its understanding is that Kruglyak "was always a party in his personal capacity."  (Docket Item No. 40 at 1.)  Thus, Home Depot does not object to "whatever extent Plaintiff seeks to amend the Complaint in this regard." (Docket Item No. 40 at 1.)  That being the case, the court will grant the Motion to

Amend, insofar as "d/b/a Fruklyak, Inc." will be removed from the caption of the Complaint.

Finally, the court will grant Kruglyak's Second Motion to Remand for the reasons that follow.[8]  Federal law allows removal to federal court of any state civil action which may have been brought in federal court. *See* 28 U.S.C. § 1441.  The federal district courts have subject matter jurisdiction over civil actions based either on a federal question or diversity of citizenship. *See* 28 U.S.C. §§ 1331, 1332.  Furthermore, in a civil action in which a federal court's subject matter jurisdiction is based on a federal question, the federal court also has supplemental jurisdiction over any state law claims that are so related to the federal claim that they "form part of the same case or controversy." 28 U.S.C. § 1367(a). The burden of establishing whether the statutory and jurisdictional requirements for removal are met is on the

---

[8] There is a split in the case law as to whether a magistrate judge has the authority to enter a final order on a motion to remand, and the decisions have turned on whether it is a "dispositive motion within the meaning of 28 U.S.C. § 636(b)(1) of the Federal Magistrates Act and Rule 72 of the Federal Rules of Civil Procedure." *Young v. James*, 168 F.R.D. 24, 25 (E.D. Va. 1996). A magistrate judge may only enter an order, as opposed to a report and recommendation, in a matter "not dispositive of a claim or defense of a party." FED. R. CIV. P. 72(a)-(b). The District Court for the Eastern District of Virginia has held that motions to remand should be considered nondispositive for two reasons.  First, they are not listed in 28 U.S.C. § 636(b)(1)(A), which specifically lists eight types of motions on which magistrate judges may only submit a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(A); *see also Young*, 168 F.R.D. at 26. Second, while neither Rule 72(a) nor 72(b) defines the term "dispositive," both indicate that a magistrate judge may only enter an order, as opposed to a report and recommendation, in a matter "not dispositive of a claim or defense of a party." FED. R. CIV. P. 72(a)-(b). Because a motion to remand affects only the appropriate forum a party may use to present its claims and does not affect the actual claims or defense of the party, the motion is nondispositive. *See Young*, 168 F.R.D. at 27 (citing *Campbell v. Int'l Bus. Mach.*, 912 F. Supp. 116, 119 (D. N.J. 1996)). While the Fourth Circuit has not addressed this issue, it stated as follows: "The Supreme Court specifically stated that § 1447(d) 'prohibits review of all remand orders issued pursuant to § 1447(c) whether erroneous or not.'" *Jonas v. Unisun Ins. Co.*, 2000 WL 1350648, at *1 (4th Cir. 2000) (quoting *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 342 (1972)); *see also In re Love*, 102 F.3d 731, 734 (4th Cir. 1996) (holding that once an order of remand is entered, the federal courts no longer have jurisdiction over the case).  Based on this reasoning, I find that I have the authority to enter a final order on the Second Motion To Remand.

removing defendants. *See CPFilms, Inc., v. Best Window Tinting, Inc.*, 466 F. Supp. 2d 711, 712 (W.D. Va. 2006) (citing *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148 (4th Cir. 1994)). Because removal jurisdiction raises significant federalism concerns, the courts must strictly construe removal jurisdiction. *See Mulcahey*, 29 F.3d at 151. If federal jurisdiction is doubtful, a remand is necessary. *See Mulcahey*, 29 F.3d at 151; *see also CPFilms, Inc.*, 466 F. Supp. 2d at 712.

Previously, the court determined it had subject matter jurisdiction based on a federal question since Kruglyak's Complaint contained a cause of action under the Magnuson-Moss Warranty Act, and he adequately pleaded the minimum amount of damages necessary for the court to exercise such jurisdiction. *See* 15 U.S.C. §§ 2310(d)(3), 1367(a). That being the case, the court declined to address the issue of whether it may exercise diversity jurisdiction. However, since the court entered that decision on November 2, 2022, the undersigned recommended granting summary judgment in Home Depot's favor and dismissing Kruglyak's Magnuson-Moss Warranty Act claim. In fact, the undersigned recommended dismissing all of Kruglyak's claims except his state law breach of contract claim, thereby leaving diversity jurisdiction as the only means for this court to retain jurisdiction over this action. For the following reasons, I find that the court does not have diversity jurisdiction over Kruglyak's claim, and I will grant his Second Motion To Remand.

Pursuant to 28 U.S.C. § 1332(a)(1), district courts shall have original jurisdiction in all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. A corporation is deemed to be a citizen of every state where it has been incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Here, Kruglyak states in his Complaint that he is a citizen of Tennessee,

and Home Depot it a nationwide retail corporation with its principal place of business in Georgia.  Thus, the action is between citizens of different states.  However, in his Complaint, Kruglyak seeks damages totaling $52,196.35 for his breach of contract claim, far below the required amount in controversy for diversity of citizenship jurisdiction.  Additionally, although he seeks $104,392 in punitive damages in his Complaint, such damages are not allowed under Virginia law for breach of contract claims unless the breach amounts to an independent, willful tort, which is not the case here.  *See Goodstein v. Weinberg*, 245 S.E.2d 140, 143 (Va. 1978); *see also Kamlar Corp. v. Haley*, 299 S.E.2d 514, 517 (Va. 1983).

## III.

Based on the above-stated reasons, the Motion For Declaratory Relief, (Docket Item No. 39), is **DENIED**, the Motion to Amend, (Docket Item No. 36), is **GRANTED** only insofar as "d/b/a Fruklyak, Inc." is removed from the caption of the Complaint, otherwise, the Motion to Amend is **DENIED**, and the Plaintiff's Second Motion To Remand, (Docket Item No. 55), is **GRANTED**.

## <u>Notice to Parties</u>

Notice is hereby given to the parties of the provisions of Federal Rules of Civil Procedure 72(a):

> A party may serve and file objections to the order within 14 days after being served with a copy.  A party may not assign as error a defect in the order not timely objected to.  The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Failure to file written objections to the Order within 14 days could waive appellate review.  At the conclusion of the 14-day period, the Clerk is directed to

transmit the record in this matter to the Honorable Michael F. Urbanski, Chief United States District Judge.

The Clerk is directed to send copies of this Memorandum Order to all counsel of record and unrepresented parties.

**ENTERED**: March 27, 2024.

/s/ *Pamela Meade Sargent*

UNITED STATES MAGISTRATE JUDGE