CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
August 13, 2024
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| **VLADIMIR KRUGLYAK,** | ) |
| | ) |
| Plaintiff, | ) Case No. 1:22-cv-024 |
| | ) |
| v. | ) By:     Michael F. Urbanski |
| | ) Senior United States District Judge |
| **HOME DEPOT U.S.A., INC.,** | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the court on pro se plaintiff Vladimir Kruglyak's motion to reconsider the court's July 30, 2024, Order referring the case to the Honorable C. Kailani Memmer, United States Magistrate Judge, for the purposes of mediation, and his motion to recuse the court from this case. Pl.'s Motions, ECF Nos. 90, 91. For the following reasons, both motions are **DENIED**.

### I. Motion to Reconsider Mediation Order

Kruglyak asks the court to vacate the Mediation Order on the grounds that the court lacked jurisdiction to enter it (1) because of Kruglyak's pending interlocutory appeal, ECF No. 69, and (2) because the Honorable Pamela Meade Sargent, United States Magistrate Judge, issued an order granting Kruglyak's second motion to remand the case to state court, Mem. Order, ECF No. 76.[1] Id. Kruglyak also argues that the Order is an unenforceable arbitration agreement. Id.

---

[1] The court referred all non-dispositive pretrial motions to Judge Sargent under 28 U.S.C. § 636(b)(1)(A), and all dispositive motions to Judge Sargent under 28 U.S.C. § 636(b)(1)(B). Order, ECF No. 12.

1

Kruglyak first argues that the court lacked jurisdiction to refer the case to Judge Memmer for mediation because of Kruglyak's pending interlocutory appeal regarding the court's dismissal of defendant Karen J. Phoebus. On March 28, 2023, the court—adopting in its entirety the Report and Recommendation submitted by Judge Sargent—granted Phoebus's motion to dismiss the claims against her for failure to state a claim, on the grounds that she was acting within the scope of her employment as a store manager for Home Depot. Order, ECF No. 19. The court later denied Kruglyak's motions to reconsider Phoebus's dismissal on February 15, 2024. Mem. Op. & Order, ECF Nos. 63, 64. Kruglyak filed a notice appealing the court's decision to the United States Court of Appeals for the Fourth Circuit the next day. See Pl.'s Notice of Interlocutory Appeal, ECF No. 69.

While it is well-settled that an appeal typically divests a district court of jurisdiction, the court is divested of jurisdiction only "over 'those aspects of the case involved in the appeal.'" Fobian v. Storage Tech. Corp., 164 F.3d 887, 890 (4th Cir. 1999) (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)). Here, Kruglyak's appeal involves only Phoebus's liability, while the July 30, 2024, Mediation Order involves the liability of the other defendant in this case, Home Depot U.S.A., Inc. ("Home Depot"). Accordingly, the court was not divested of jurisdiction as to the claims against Home Depot, and the court will not vacate its Mediation Order on that basis. See, e.g., Williams v. BIC Picture Loans, LLC, No. 3:17-CV-461, 2019 WL 8107919, at *3 (E.D. Va. Jan. 23, 2019) (concluding that the court retained jurisdiction over the matter as to a defendant when two other defendants filed an interlocutory appeal).

Kruglyak also asserts that the court lacked jurisdiction to enter the Mediation Order because Judge Sargent granted Kruglyak's second motion to remand. Mem. Order, ECF No. 76.[2] However, Kruglyak and Home Depot both timely filed objections to Judge Sargent's order. ECF Nos. 77–79. Accordingly, the order is under review by this court and, in so doing, the court "must consider [Kruglyak's and Home Depot's] objections and modify or set aside any part of [Judge Sargent's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A).

In its objections, Home Depot points out a mistake in Judge Sargent's order. ECF No. 79. Namely, Judge Sargent's decision to remand the action to state court was based on her February 6, 2024, Report and Recommendation, in which she recommended that the court grant Home Depot's motion for summary judgment on all claims except breach of contract, and limit Kruglyak's potential recovery on the breach of contract claim to direct damages. R&R, ECF No. 62, at 23–24. Based on that Report and Recommendation, she determined that the court lacks subject matter jurisdiction because there is no longer federal question jurisdiction (as she recommended dismissal of the one federal claim), and diversity jurisdiction does not exist because the direct damages at issue do not exceed the jurisdictional threshold. Mem. Order, ECF No. 76, at 20–21. In so doing, Judge Sargent mistakenly stated that the court had adopted her February 6, 2024, Report and Recommendation. See id. at 3 n.6. Because the court has not yet ruled on the February 6, 2024, Report and Recommendation or on Kruglyak's objections thereto, ECF No. 66, Judge Sargent's order remanding the case was

---

[2] Judge Sargent's order also denied in part Kruglyak's motion to amend his complaint, ECF No. 36, and denied his motion for declaratory judgment, ECF No. 39.

3

premature. Accordingly, the court **SUSTAINS** Home Depot's objection and **VACATES in part** Judge Sargent's order, ECF No. 76, only as to the issue of remand.[3]

Finally, Kruglyak argues that the Mediation Order violated his due process rights because he did not have "a meaningful opportunity to contest the validity of the arbitration agreement." However, the court is not aware of the existence of an arbitration agreement in this matter. Further, an order referring a case for mediation is entirely different from a mandate for the parties to arbitrate. Mediation is a useful tool that gives parties the opportunity to reach a resolution voluntarily and on their own, outside of the courtroom with the guidance of a neutral mediator. Arbitration, in contrast, involves the appointment of an arbitrator to analyze the issues and then render a decision. Because the court is not ordering the parties to arbitrate, the court will not grant Kruglyak's motion on this basis. Kruglyak's motion to reconsider the court's Mediation Order, ECF No. 90, is **DENIED**.

## II. Motion for Recusal

Kruglyak also filed a motion seeking recusal of this court under 28 U.S.C. §§ 144 and 455. Pl.'s Motion, ECF No. 91. In support of the motion, he argues that the court's "conduct in this case"—namely, the court's orders that rule in favor of defendants—"has violated [his] due process rights and has introduced an appearance of prejudice, which undermines the impartiality required of the judiciary." Id. He provides no other bases for his motion.

---

[3] The court has also reviewed Kruglyak's objections to Judge Sargent's order and, while he titles the document "Plaintiff's Objections to the Court's March 27, 2024 Memorandum and Order," the body of the objections only addresses Judge Sargent's February 6, 2024, Report and Recommendation, for which Kruglyak had already filed the same objections. See ECF Nos. 66, 77, 78. Accordingly, Kruglyak has not objected "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection," United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007), and Kruglyak's objections to Judge Sargent's order, ECF No. 76, are **OVERRULED**.

4

Under 28 U.S.C. § 455(a), a "federal judge is obliged to recuse himself if a person with knowledge of the relevant facts might reasonably question his impartiality." United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003). "This objective standard asks whether the judge's impartiality might be questioned by a reasonable, well-informed observer who assesses all the facts and circumstances." United States v. DeTemple, 162 F.3d 279, 286 (4th Cir. 1998). Two other statutes, 28 U.S.C. 455(b)(1) and 28 U.S.C. § 144, also set forth grounds for recusal of federal judges. Section 455(b)(1) requires recusal where a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Section 144 "entirely duplicate[s] the grounds of recusal set forth in" § 455(b)(1), Liteky v. United States, 510 U.S. 540, 548 (1994), but adds the requirement that a party submit "a timely and sufficient affidavit" identifying the grounds for recusal, 28 U.S.C. § 144.

As the basis for his motion, Kruglyak points only to the court's rulings in this case. As the United States Supreme Court has made clear, however, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky, 510 U.S. at 555. To the contrary, "[a]lmost invariably, [judicial rulings] are proper grounds for appeal, not for recusal." Id. Kruglyak also does not cite to any "personal bias" for defendants, any "personal knowledge" of disputed facts concerning the case, or any other basis for which a reasonable person might question the court's impartiality.[4] Accordingly, Kruglyak's motion, ECF No. 91, is **DENIED**.

### III.

For the foregoing reasons, the court hereby **ORDERS** as follows:

---

[4] He also does not provide an affidavit regarding the grounds for recusal, as required by § 144.

1. Kruglyak's Motion to Amend the Court's Order Referring Case for Mediation, ECF No. 90, and Motion to Recuse the Honorable Judge Urbanski, ECF No. 91, are **DENIED**.

2. Home Depot's Objection to the Magistrate Judge's March 27, 2024, Order, ECF No. 76, is **SUSTAINED**. The order is **VACATED in part**, only as to the issue of remand.

3. The Magistrate Judge's February 6, 2024, Report and Recommendation regarding Home Depot's Motion for Summary Judgment and Kruglyak's Motion for a Preliminary or Permanent Injunction, ECF No. 62, is **TAKEN UNDER ADVISEMENT** pending mediation of this case with Judge Memmer.

The Clerk is directed to send a copy of this Order to the pro se plaintiff and to counsel for Home Depot.

It is **SO ORDERED**.

Entered: August 12, 2024

Mike Urbanski
Senior U.S. District Judge
2024.08.12 18:53:47 -04'00'

Michael F. Urbanski
Senior United States District Judge