CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED
October 28, 2024
LAURA A. AUSTIN, CLERK
BY: /s/ Kendra Campbell
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| VLADIMIR KRUGLYAK, | ) |
| Plaintiff, | ) Case No. 1:22-cv-024 |
| v. | ) By:   Michael F. Urbanski |
| | ) Senior United States District Judge |
| HOME DEPOT U.S.A., INC., | ) |
| Defendant-Petitioner. | ) |

## MEMORANDUM OPINION

This matter comes before the court on two motions filed by Plaintiff Vladimir Kruglyak. Kruglyak, who is proceeding pro se, initiated this action against defendant Home Depot U.S.A., Inc. in the Circuit Court of Bristol, Virginia on May 4, 2022 for damages arising from the online purchase of a bathtub. ECF No. 1. Home Depot removed the case to federal court on June 3, 2022. Id. Kruglyak alleges that when the bathtub was delivered, it was a different model from the bathtub Kruglyak had seen advertised and ordered. ECF No. 1-3 at ¶¶ 13, 14, 18. Kruglyak now seeks to join the bathtub's manufacturer, Atlas International Inc., as a defendant in this action pursuant to Federal Rules of Civil Procedure ("Rules") 19 and 20. ECF No. 114. Kruglyak has also moved pursuant to Rule 59(e) for reconsideration of this court's Order, ECF No. 112, and Opinion, ECF No. 111, entered on September 25, 2024, which, among other things, granted Home Depot's motions for summary judgment as to certain counts of the complaint. ECF No. 115. In particular, Kruglyak asks this court to reconsider its decision regarding "consequential damages, punitive damages, and violations of the Implied Warranties, Magnuson-Moss Warranty Act." ECF No. 115 at 1. Because this case

1

has already been pending for two years and because Kruglyak's arguments concerning consequential damages, punitive damages, and warranties lack merit, both motions will be **DENIED**.

I.

As to Kruglyak's motion for joinder, the bathtub's manufacturer is not a required party under Rule 19. Required parties are parties without whom (A) "the court cannot accord complete relief" or who have "an interest relating to the subject of the action" such that leaving them out of the case would (B)(i) "impair or impede the person's ability to protect the interest" or (B)(ii) "leave an existing party subject to a substantial risk of incurring . . . inconsistent obligations." Fed. R. Civ. P. 19(a). Here, because Kruglyak's claims have never concerned defects in the bathtub itself, only that Home Depot delivered the wrong model, and accordingly have nothing to do with the bathtub's manufacturer, (A) Kruglyak can obtain complete relief without the manufacturer being joined as a party, (B)(i) the manufacturer has no interest of its own at stake in the case, and (B)(ii) neither Kruglyak nor Home Depot will incur any obligations vis-à-vis the manufacturer. Fed. R. Civ. P. 19(a).

"Rule 20 gives courts wide discretion concerning the permissive joinder of parties," and a court may "'deny joinder if it determines that the addition of the party under Rule 20 will . . . result in prejudice, expense, or delay.'" Aleman v. Chugach Support Servs., Inc., 585 F.3d 206, 218 n.5 (4th Cir. 2007) (quoting 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1652 (3d ed. 2001)). Here, joining the manufacturer would cause unnecessary delay in a case that has been before this court since June 3, 2022. ECF No. 1. Delay is particularly unwarranted because Kruglyak has never alleged

that the bathtub he received was intrinsically defective, only that the bathtub was not the model he ordered. See generally ECF No. 1-3. Although product quality is within the control of the manufacturer, placing the right product in the hands of the customer is not. Kruglyak's claims have always centered on Home Depot's conduct, and Count One, which is set for trial, accordingly focuses on Home Depot's alleged actual fraud in the inducement. ECF No. 111 at 15. Because the manufacturer is irrelevant to this claim and joinder will only delay resolution of this case, Kruglyak's motion for joinder must be **DENIED**.

## II.

Kruglyak's motion for reconsideration must also be **DENIED**. In deciding that Kruglyak's lost rental income was unforeseeable and therefore not compensable for breach of contract, this court previously explained that "[t]here is no evidence in the record whatsoever suggesting that Kruglyak made Home Depot aware of his intention to use the tub for rental income-producing purposes when the contract was made." ECF No. 111 at 18. Now, Kruglyak contends that the court failed to consider three facts—his phone calls to Home Depot, "subsequent hearing in the Court of Bristol, Virginia," and the fact that Kruglyak had a "Pro Xtra" "high volume purchase account" with Home Depot. ECF No. 115 at 2-3. However, the court did previously consider the phone calls, ECF No. 111 at 18, noting that Kruglyak himself alleged that those phone calls were to ask "about the function of the tub," ECF No. 1-3 at ¶ 10, not to discuss Kruglyak's intention to use the bathtub in a rental property. And because consequential damages are only compensable if the "special circumstances were within the 'contemplation' of both contracting parties" at "the time the contract was executed," Roanoke Hosp. Ass'n v. Doyle & Russell, Inc., 215 Va. 796, 801-02, 214 S.E.2d

3

155, 160 (1975), the hearing in Bristol, which would have taken place well after the contract was executed, provides no better support for consequential damages. Finally, although having a Pro Xtra account may signify that Kruglyak frequents Home Depot for business needs of some kind, the account does not provide notice to Home Depot that Kruglyak purchased this particular bathtub in contemplation of use in a rental property such that Home Depot could contemplate that not sending Kruglyak the correct bathtub would cause him to lose rental income. Thus, the court has not misapprehended the facts or law on the issue of compensatory damages, and reconsideration is not warranted.

There is also no reason to reconsider the court's decision on the issue of punitive damages. In its prior opinion, the court simply decided that Kruglyak's separate claim for punitive damages, Count Eleven, was moot because punitive damages are available under Count One's actual fraud in the inducement claim,[1] and the court allowed Count One to proceed. ECF No. 111 at 27-28. Kruglyak's motion to reconsider now argues that punitive damages are justified because Home Depot acted in "bad faith" by issuing its "unreasonable refund offer, which required Plaintiff to ship the bathtub to Atlanta despite Home Depot's local delivery capabilities." ECF No. 115 at 5. To support this contention, Kruglyak attaches the email containing the refund offer, ECF No. 115 at 16-18 (Ex. B), and pictures of Home Depot trucks, ECF No. 115 at 20-21 (Ex. C), presumably to illustrate Home Depot's local delivery capabilities. However, the court's prior opinion already held that incidental damages for the return transportation of the bathtub were available and indeed were included in the

---

[1] As the court previously explained, "The recovery of punitive damages is not a stand-alone cause of action. Rather, an award of punitive damages, if supported by the evidence, is a remedy for certain claims." ECF No. 111 at 3 n.4.

4

damages calculated for Count Two. ECF No. 111 at 28. Thus, because the court is already allowing a claim for punitive damages to proceed on Kruglyak's fraud in the inducement claim, and because the costs associated with shipping the bathtub to Atlanta have already been accounted for, there is nothing for the court to reconsider.

Finally, as to warranties, this court previously held that there had been no breach of the implied warranty of merchantability because although the missing control panel, LED lights, and water heater "were important to Kruglyak, Kruglyak does not allege that the lack of those components made the tub dangerous, defective, or otherwise not 'fit for the ordinary purposes for which such goods are used.'" ECF No. 111 at 22. And as to Kruglyak's Magnuson-Moss Warranty Act claim, the court previously concluded that because no written warranty existed on the record before the court, such a claim was not available. Id. at 26-27. Now, Kruglyak has attached the "Ariel Bath Bathtub Products Limited Warranty" to his motion for reconsideration as Exhibit A. ECF No. 115 at 13-14. However, although the document does indicate that Kruglyak received a written warranty, a careful review of its text reveals that the warranty provided that the structural, electrical, mechanical, aesthetic, and other features of the bathtub would be "free from defects in workmanship" for a given period. Id. Kruglyak has not alleged any defects in the workmanship of the bathtub he received, only that it was not the bathtub he ordered. The warranty makes no promise that the correct product will be delivered to the customer. Id. Accordingly, the new evidence Kruglyak presents does not warrant reconsideration of the court's previous decision to grant Home Depot's motion for summary judgment as to Count Seven under the Magnuson-Moss Warranty Act.

Thus, Kruglyak's motion for reconsideration is **DENIED**.

An appropriate order will be entered.

It is **SO ORDERED**.

Entered: October 25, 2024

Michael F. Urbanski
Senior United States District Judge