IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

Vladimir Kruglyak,

            Plaintiff(s),

vs .

HOME DEPOT U.S.A., INC.,

            Defendant(s).

Case No. 1:22-CV-00024-JPJ-PMS

CLERK'S OFFICE U.S. DISTRICT. COURT
AT ABINGDON, VA
FILED

**NOV 0 7 2024**

LAURA A. AUSTIN, CLERK
BY: _K. Campbell_
DEPUTY CLERK

## PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE
## IN OPPOSITION TO MOTION TO COMPEL

### I.    Introduction

1. Plaintiff respectfully submits this Reply to Defendants' Response in Opposition to Plaintiff's Motion to Compel Responses to his Subpoena *Duces Tecum*. Plaintiff seeks production of relevant communications and phone records within possession by Defendant Home Depot and its agent, Karen Phoebus ("Phoebus"), which Defendants have resisted on various grounds. Plaintiff contends that the requested discovery is narrowly tailored to focus on emails and phone logs directly relevant to the 90-day return policy period, which bear directly on claims of misrepresentation, constructive fraud, and failure to act within a duty of care. Defendant's objections lack merit under relevant law in the 4th Circuit and Virginia, and Plaintiff respectfully requests that the Court compel the production of these records.

II.    **Legal Argument**

A. **Defendant's Relevance and Proportionality Objections Are Unsupported by Law**

2. Defendant's claim that the requested records are irrelevant and disproportionate is unsubstantiated, as Plaintiff's request is narrowly focused on the timeframe and subject matter central to the case. Plaintiff has limited the request to communications directly related to the product return and Defendant's compliance—or lack thereof—with Home Depot's return policy. The Federal Rules of Civil Procedure permit discovery of "any nonprivileged matter that is relevant to any party's claim or defense," emphasizing the need for thorough exploration of issues central to the claims. In re: Fed. R. Civ. P. 26(b)(1).

3. In addition, _Virmani v. Novant Health Inc._, 259 F.3d 284, 287 (4th Cir. 2001), emphasizes that the scope of discovery extends to any matter that could reasonably lead to the discovery of admissible evidence. Here, Plaintiff's allegations of misrepresentation and breach of duty are directly connected to communications between Plaintiff and Defendant's agent Phoebus during the return policy period. Emails and call logs are crucial in establishing whether Defendants engaged in behavior that led to Plaintiff's harm, making the requested discovery both relevant and proportional.

4. Furthermore, Plaintiff has demonstrated by clear and convincing evidence on the record, Docket No. 35 _Ex. B,_ Docket No. 52, and _Complaint's. Ex. F,_ that Home Depot's agent Phoebus has previously communicated _via_ phone number, 276-466-1015, and email, karen_j_phoebus@homedepot.com, with Plaintff and then suddenly interrupted her communication once the deceptively advertised product was sold and delivered to Plaintiff. As Docket No. 52 audio message indicates, Home Depot records all calls and conversations.

5. Precedent from the 4th Circuit: In *McClain v. Sysco Foods, Inc.*, 4 F.3d 775 (4th Cir. 1993), the 4th Circuit held that discovery must be allowed where the information sought has any potential bearing on the case's merits. Defendant's argument that Plaintiff's requests are overbroad ignores Plaintiff's specific focus on emails and call logs directly connected to the disputed product and timeframe. Given the importance of verifying Defendant Phoebus's communications, Plaintiff's request aligns with the principles in *McClain* and is proportionate to the needs of the case.

## B. The Argument That Ms. Phoebus Lacks Control Over Her Work Emails and Phone Logs Is Legally Deficient

6. Defendant argues that Ms. Phoebus does not have "control" over her work-related communications, asserting that these are exclusively under Home Depot's possession. However, courts routinely recognize that employees have practical control over work-related documents in their email accounts and phone systems. This is especially true when the employee's role is central to the alleged actions or omissions in a case, making their communications and records highly relevant. The well established 4th Circuit law holds that "control" is interpreted broadly and includes the legal right or practical ability to obtain the documents on demand. As a managerial employee, Ms. Phoebus had practical control over her work communications, rendering the argument of lack of possession unavailing.

7. 4th Circuit Support on Control and Possession: In *Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494 (D. Md. 2009), a 4th Circuit decision, the court noted that control over a document exists if the party has the right, authority, or practical ability to obtain the documents. Given Ms. Phoebus's managerial role at Home Depot, her access to and use of the email account and store phone line affirm her practical ability to retrieve these records, obligating her to produce relevant communications.

8. In *Knight v. Boehringer Ingelheim Pharms., Inc.*, 323 F. Supp. 3d 837, 844 (D. Md. 2018), the court found that employees who have direct access to work-related communications, such as emails, are obligated to produce them in discovery if they pertain to the claims at issue. Applying this principle, Ms. Phoebus, as a Home Depot manager, must be considered as having control over her email correspondence and phone records.

9. Application to Phone Logs: Defendant's claim that phone logs from Ms. Phoebus's store line (276-466-1015) are inaccessible ignores her use and oversight of this business line. Courts generally find that agents in corporate positions, such as store managers, are responsible for producing records connected to their business functions. Virginia case law upholds that phone records relevant to the litigation should be accessible, particularly when the agent has routinely used the corporate line for customer interactions. In re: *Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451 (E.D.N.C. 2005) (holding that agents must produce accessible records pertinent to the litigation).

10. The Virginia Supreme Court has similarly upheld that corporate agents are responsible for producing records pertinent to their work-related duties. In *Rappahannock Dev. Grp., LLC v. Bennett*, 657 S.E.2d 477 (Va. 2008), the court underscored the duty of agents to facilitate the production of documents relevant to disputes involving their conduct.

## C. Defendant's Confidentiality and Privacy Concerns Are Addressed by Protective Orders

11. Defendant's assertions regarding confidential business information and third-party privacy are not valid grounds to deny Plaintiff's right to discovery. Protective orders and redactions can sufficiently address concerns about proprietary or unrelated information. Courts in Virginia and

the 4th Circuit have consistently recognized that confidentiality concerns do not outweigh the need for critical discovery, especially when narrowly tailored to relevant communications.

12. In *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121-22 (3d Cir. 1986), which is widely followed across circuits, including the 4th, the court ruled that protective orders can mitigate risks to confidential information while allowing for necessary discovery. Defendant's failure to suggest such protective measures rather than wholesale denial of relevant records undermines the validity of their objections.

13. In *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 125 (D. Md. 2009), the 4th Circuit recognized that protective orders could be employed to shield confidential business information while allowing necessary discovery. Plaintiff is willing to agree to reasonable protective measures to address Home Depot's concerns, such as redacting sensitive information or limiting the use of produced documents to this litigation.

14. Plaintiff's request is narrowly focused on communications and records within the defined period relevant to the claims. As such, Defendants' argument of overbreadth is meritless under Rule 26, as affirmed in *Kinetic Concepts, Inc. v. Convatec Inc.*, 268 F.R.D. 226, 241 (M.D.N.C. 2010), which stressed that tailored requests tied to specific claims should not be denied on burden grounds.

## D. Defendant's Claim That Responsive Phone Logs Do Not Exist Should Not Preclude a Court Order to Home Depot for Verification

15. Defendant asserts that Ms. Phoebus "is not in possession, custody, or control" of the phone logs for her store's phone line. However, Plaintiff's subpoena reasonably seeks such records from Home Depot, which likely retains telecommunications records as part of standard business practice. Defendant's objection sidesteps the corporate duty to retain and produce such records.

16. The 4th Circuit Precedent on Duty to Produce Records Retained by Employer: *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 501 (D. Md. 2000), highlighted that employers must make a good-faith effort to locate and produce relevant records in their custody, especially when those records concern key allegations in the case. Thus, Home Depot's duty to produce such phone logs cannot be dismissed by a mere assertion of non-possession without showing efforts to comply.

17. In *In re NTL, Inc. Sec. Litig.*, 244 F.R.D. 179 (S.D.N.Y. 2007), courts established that an employer is obligated to produce records within its possession that pertain to litigation, particularly when linked to the actions of an agent. By arguing that Ms. Phoebus cannot produce these records, Defendant Home Depot fails to acknowledge its broader responsibility to ensure complete and accurate discovery.

### E.  Plaintiff's Claims of Constructive Fraud and Misfeasance Justify Full Discovery of Ms. Phoebus's Communications

18. Plaintiff alleges that Ms. Phoebus's failure to act on the return request within the 90-day period constitutes constructive fraud and misfeasance, both of which warrant thorough discovery. Virginia law defines constructive fraud as a breach of duty that, regardless of intent, misleads or harms the injured party. See, *Richmond Metro. Auth. v. McDevitt St. Bovis, Inc.*, 507 S.E.2d 344 (Va. 1998). Plaintiff's request is limited to records that would verify Ms. Phoebus's actions, or lack thereof, in response to Plaintiff's legitimate return concerns.

19. Misfeasance vs. Nonfeasance: Courts have noted that misfeasance, or wrongful action that breaches a duty and causes harm, differs fundamentally from mere nonfeasance. Ms. Phoebus's failure to facilitate Plaintiff's timely requests for return and/or exchange of the wrong tub, despite her duty to assist in accordance with the store's policy, constitutes misfeasance. See, *Colbert v.*

*Geisler*, 241 Va. 418, 404 S.E.2d 69 (1991) (recognizing that a breach of duty, particularly in consumer settings, can establish liability when an actionable duty to act exists).

### III.    Conclusion and Request for Relief

20. For the foregoing reasons, Plaintiff respectfully requests that the Court grant the Motion to Compel and order Defendant Home Depot and its agent Phoebus to produce the requested emails and phone call logs. These records are narrowly tailored to address central issues in the case, and Defendant's objections are legally unsupported. Alternatively, if the Court remains concerned about proprietary or unrelated information, Plaintiff is amenable to a protective order limiting use of the records to this litigation. The proposed Order is attached to this Reply.

Dated: November 7, 2024
Bristol, Tennessee

Respectfully Submitted by,

Vladimir Kruglyak, *Plaintiff*
1216 Windsor Avenue
Bristol, TN 37620
Ph: (423) 972-7837
E: kruglyak.vladimir@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this **7th** day of November, 2024, I have sent the PDF file of the foregoing document *via* postal and/or electronic mail to the address of the counsels for defense, Mr. Kevin Cornish at High Swartz, LLP: kcornish@highswartz.com.

Signed by,

Vladimir Kruglyak
1216 Windsor Avenue
Bristol, TN 37620