IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

May 06, 2025

LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
        DEPUTY CLERK

| | | |
|---|---|---|
| VLADIMIR KRUGLYAK, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:22-cv-024 |
| | ) | |
| v. | ) | By: Michael F. Urbanski |
| | ) | Senior United States District Judge |
| HOME DEPOT U.S.A., INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter is before the court on a motion for summary judgment filed by defendant Home Depot U.S.A., Inc. ("Home Depot"), ECF No. 137, and several motions seeking remand to state court filed by plaintiff Vladimir Kruglyak, ECF No. 143; ECF No. 147; ECF No. 148.

This matter arises from a transaction between Kruglyak and Home Depot. Kruglyak viewed an advertisement for a Whirlpool bathtub on Home Depot's website indicating that the bathtub featured, among other things, a control panel, LED lights, and a water heater. Compl., ECF No. 1-3, ¶¶ 8, 13-14. Kruglyak purchased the bathtub, and Home Depot delivered the bathtub, but when Kruglyak unpackaged the bathtub, he discovered that the bathtub he had received was not, in fact, the bathtub he had ordered. Id. ¶¶ 13-18. Specific advertised features—the control panel, LED lights, and water heater—were missing. Id. Accordingly, Kruglyak filed a complaint in the Circuit Court of Bristol, Virginia asserting eleven claims. Id. Home Depot removed the case to federal court on June 3, 2022. ECF No. 1. In a memorandum opinion and order on September 26, 2024, the court awarded Kruglyak

$3,696.35 in actual damages on his breach of contract claim stated in Count Two of his complaint, denied Kruglyak relief on nine counts, and permitted one final count, Count One, which the court construed as alleging actual fraud in the inducement, to proceed towards trial. ECF No. 111 at 28.

Count One alleged that Home Depot made false representations concerning the "true functions and features of the tub by photographic and verbatim product descriptions on the Home Depot website" and that Kruglyak relied upon these false representations in deciding to purchase the bathtub. Compl., ECF No. 1-3, ¶¶ 24-28. Significantly, as required to state a fraud in the inducement claim, Kruglyak further alleged that these false representations were made to mislead the consumer "with full knowledge of their falsity." Id. ¶ 25.

This sole remaining claim is now before the court pursuant to Home Depot's motion for summary judgment. ECF No. 137. That motion is fully briefed.[1] ECF No. 137; ECF No. 139; ECF No. 140. At this stage in the litigation, allegations compliant with the elements of a fraud in the inducement claim no longer suffice; to survive a motion for summary judgment, a nonmoving party must adduce at least some evidence to support the truth of his claim. See Res. Bankshares Corp. v. St. Paul Mercury Ins. Co., 407 F.3d 631, 635 (4th Cir. 2005) (requiring a nonmoving party to show that "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party"). Here, Kruglyak has not produced sufficient evidence to support his allegation that Home Depot knowingly, intentionally, and with the intent to mislead falsely represented the features of the bathtub displayed on its website.

---

[1] The court has determined that it will "dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process." United States v. Martinez-Melquiades, No. 19-4081, 2022 WL 474169, at *2 (4th Cir. Feb. 16, 2022).

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Accordingly, Home Depot's motion for summary judgment will be **GRANTED**. However, before reaching the issue of summary judgment, the court must first address two preliminary matters.

## I.

First, the court notes that Kruglyak has filed a notice of appeal as to several prior orders in this case: (1) the court's order at ECF No. 112 signed on September 25, 2024, adopting in part and rejecting in part a report and recommendation by the Magistrate Judge, ECF No. 62, denying Kruglyak's motion for preliminary or permanent injunction, ECF No. 31, granting in part and denying in part Home Depot's motion for summary judgment, ECF No. 33, denying Kruglyak's motion for summary judgment, ECF No. 96, and granting as to Count Two but denying as to Count One Home Depot's motion for summary judgment, ECF No. 80; (2) the court's order at ECF No. 129 signed on January 27, 2025, denying Kruglyak's motion for "adverse inference order, sanctions, and for investigation into subordination of perjury and criminal simulation by defendant's counsel," ECF No. 99, denying Kruglyak's motion to admit a delivery receipt into evidence, ECF No. 106, and denying Kruglyak's motion for reconsideration of an order denying Kruglyak's motion to compel responses to subpoena duces tecum from Karen Phoebus, ECF No. 125; and (3) "[a]ny other orders or rulings, including granting fraudulent joinder before discovery and subsequently denying discovery that could reveal error of granting fraudulent joinder, and orders that are inextricably intertwined with or necessary to the resolution of this appeal." ECF No. 130 at 1-2.

Kruglyak previously sought a stay pending these appeals. ECF No. 131. The court denied Kruglyak's motion for a stay on the grounds that these appeals were not proper under

3

28 U.S.C. § 1291 or any exceptions thereto. ECF No. 141. That statute provides that appeal may be taken only from "final decisions of the district courts." 28 U.S.C. § 1291. "A 'final decisio[n]' is typically one 'by which a district court disassociates itself from a case.'" Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 106 (2009) (quoting Swint v. Chambers Cnty. Comm'n, 514 U.S. 35, 42 (1995)). When Kruglyak filed his appeals, there was no final judgment in this matter because the court had not reached any final determination as to Count One. ECF No. 141 at 2. Indeed, Count One remained set for trial, meaning that this court was far from "disassociate[d]" from the case. Mohawk Indus., Inc., 558 U.S. at 106. Thus, the court properly denied the motion for a stay, and the court may now proceed to rule on the pending motions before it concerning Count One.[2]

However, the court notes that upon entry of this memorandum opinion and accompanying order, the court will have reached a final judgment on Count One, thereby resolving all remaining issues requiring the district court's attention. Thus, the time is now ripe for Kruglyak to pursue his appeal to the Fourth Circuit.

## II.

Second, the court must also address Kruglyak's pending motions relating to remand to state court. ECF No. 143; ECF No. 147; ECF No. 148. Because these motions go to the issue

---

[2] One could also construe (somewhat circuitously) the court's denial of the motion for stay pending appeal due to the lack of proper grounds for appeal as a denial of the stay in aid of appeal. "[It is a] well-established principle that an appeal divests a trial court of jurisdiction over 'those aspects of the case involved in the appeal.'" Fobian v. Storage Tech. Corp., 164 F.3d 887, 890 (4th Cir. 1999) (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)). However, the Fourth Circuit has recognized "limited exceptions" to the rule, including that a district court has jurisdiction to act on matters that are (1) "collateral to the appeal" or (2) "in aid of appeal." Doe v. Pub. Citizen, 749 F.3d 246, 258 (4th Cir. 2014). Here, it certainly aids Kruglyak's appeal to decline to stay the resolution of Count One so as to reach a final judgment in this case that can be the proper subject of (and complete the record for) Kruglyak's appeal.

of whether this court is a proper forum to reach an ultimate disposition on Kruglyak's remaining claim, this opinion will address the possibility of remand first before considering summary judgment.

This case was removed to federal court on the basis of federal question jurisdiction. ECF No. 1. The statute establishing federal question jurisdiction, 28 U.S.C. § 1331, provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, Kruglyak's complaint "ar[ose] under the . . . laws . . . of the United States" because Kruglyak brought a cause of action under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et. seq., which is a federal statute. See Compl., ECF No. 1-3, ¶¶ 59-60. Kruglyak's remaining claim for fraud in the inducement arises under Virginia law. Id. ¶¶ 23-31. However, the presence of a federal cause of action in a complaint empowers the federal court to decide state law questions that are sufficiently related to the federal claim. 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."); see also Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. 22, 27 (2025). As the Supreme Court held in Mine Workers of America v. Gibbs, a federal court may exercise supplemental jurisdiction over a state law claim so long as it "derive[s] from" the same "nucleus of operative fact" as the federal claim. 383 U.S. 715, 725 (1966).

Here, Kruglyak's state law claim for fraud in the inducement arises out of a nucleus of operative fact shared by his Magnuson-Moss Warranty Act claim. While the fraud in the

5

inducement claim alleged that Kruglyak was induced to buy the bathtub based on false representations on Home Depot's website, the Magnuson-Moss Warranty Act claim alleged that Home Depot breached express or implied warranties by delivering the incorrect bathtub. Thus, Kruglyak's transaction with Home Depot to purchase the bathtub forms the requisite common nucleus of operative fact binding these claims.

The court has since dismissed Kruglyak's federal law claim. ECF No. 111 at 25-27.[3] This has some bearing on the issue of remand. The same statute that provides for supplemental jurisdiction, 28 U.S.C. § 1367, allows that "district courts <u>may</u> decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3) (emphasis added). However, declining to exercise jurisdiction over state law claims once federal claims are dismissed is "discretionary;" although the district court is permitted to remand lingering state law claims on this basis if it sees fit, "supplemental jurisdiction persists." <u>Royal Canin U.S.A., Inc.</u>, 604 U.S. at 27. Thus, this court retains subject matter jurisdiction over Kruglyak's fraud in the inducement claim.

"The Fourth Circuit has emphasized that 'courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished.'" <u>Greer v. Trinity Fin. Servs., LLC</u>, 607 F. Supp. 3d 635, 643 (D. Md. 2022) (quoting <u>Shanaghan v. Cahill</u>, 58 F.3d 106, 110 (4th Cir. 1995)). "'Among the factors that inform this discretionary determination are convenience and fairness to the parties, the

---

[3] In a "Notice of Voluntary Dismissal" filed on May 5, 2025, Kruglyak now seeks to voluntarily dismiss his federal claim, as part of his pursuit of remand. ECF No. 147; ECF No. 148. However, because that claim has already been disposed of, ECF No. 111 at 25-27, such a motion for voluntary dismissal is moot and must be **DENIED**.

existence of any underlying issues of federal policy, comity, and considerations of judicial economy.'" Id. (quoting Shanaghan, 58 F.3d at 110).

This is not a case that warrants exercising the court's discretion to decline to exercise supplemental jurisdiction. The justifications cited in Kruglyak's briefing do not concern the typical factors such as fairness to the parties, judicial economy, or comity. Kruglyak argues that remand is warranted because Kruglyak disputes this court's discovery rulings, this court's decision to dismiss the Home Depot employee with whom Kruglyak corresponded as a defendant,[4] and this court's decision to deny relief on Kruglyak's nine claims other than Counts One and Two. ECF No. 143 at 1-2. Kruglyak further argues that this court should not have vacated the Magistrate Judge's order which would have remanded the case to state court based on a mistaken statement that the court had adopted the Magistrate Judge's report and recommendation entered on February 6, 2024.[5] Id. However, none of these arguments

---

[4] Plaintiff argues throughout that the dismissal of Karen Phoebus was a "[j]udicial abuse of the fraudulent joinder doctrine" and that this justifies remand to state court. ECF No. 143 at 2; ECF No. 144 at 4-12. However, although Home Depot argued for diversity jurisdiction by contending that Phoebus was fraudulently joined in its Notice of Removal, ECF No. 1, ¶¶ 10-17, relying on well-established doctrine, Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999), Home Depot also invoked federal question jurisdiction, ECF No. 1, ¶¶ 8-9, and, indeed, regardless of the parties' diversity of citizenship, this case is properly in federal court based on federal question jurisdiction and supplemental jurisdiction. Kruglyak pleaded a federal cause of action, and his state law claims all stem from the same nucleus of operative fact. See Compl., ECF No. 1-3, ¶¶ 59-60. Accordingly, there is no reason to doubt that this court has subject matter jurisdiction, and no arguments relating to diversity jurisdiction undercut that conclusion. 28 U.S.C. § 1331; 28 U.S.C. § 1367(a). Moreover, Phoebus was ultimately dismissed for the simple reason that Kruglyak failed to state a claim for tort liability against Phoebus. ECF No. 19. As the court explained, under Virginia law, an agent does not incur personal liability where, as was the case with Phoebus, she acts as "an agent of a disclosed principal, engaged in no conduct outside the scope of her employment" and "committed no misfeasance." ECF No. 19 at 2-4.

[5] When the Magistrate Judge ruled on the issue of remand, the court had not in fact adopted the report and recommendation entered on February 6, 2024. ECF No. 94 at 3. This mistake justified vacating the Magistrate Judge's decision as to remand because the Magistrate Judge's decision to remand was premised on 28 U.S.C. § 1367(c)(3). ECF No. 76 at 19-20. The Magistrate Judge claimed that the report and recommendation had been adopted, dismissing all federal claims and triggering that provision. Id. However, because the report and recommendation had not been adopted, no such claims had been dismissed, and 28 U.S.C. § 1367(c)(3) did not apply, so a ruling on that basis was premature and properly vacated. ECF No. 94 at 3-4.

requires or persuades the court to decline to exercise its supplemental jurisdiction over Kruglyak's remaining fraud in the inducement claim. Rather, these are arguments better presented to the Fourth Circuit should Kruglyak wish to appeal once this court has entered a final judgment.

For its part, Home Depot argues that this court should see this case through to completion because summary judgment is pending and a trial is scheduled to begin on June 3, 2025. ECF No. 113. Indeed, Kruglyak's motion was filed on April 3, 2025, ECF No. 143, a month after Home Depot filed its motion for summary judgment, ECF No. 137. The court agrees that fairness to the parties and judicial economy counsel in favor of retaining jurisdiction. At this stage in the litigation, nearly three years after this case first arrived in federal court and after the court has already awarded Kruglyak damages on one of his claims and has immersed itself in the facts and issues presented on the remaining claim, ECF No. 111, asking a state court to start from square one in acquainting itself with this matter would be wholly inexpedient. Accordingly, Kruglyak's motions seeking remand will be **DENIED**.

## III.

Because this case is properly before this court, the court now turns to Home Depot's motion for summary judgment.

Under Federal Rule of Civil Procedure 56, the court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Glynn v. EDO Corp., 710 F.3d 209, 213 (4th Cir. 2013). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.

Celotex, 477 U.S. at 323. If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

In determining whether a genuine issue of material fact exists, the court views the facts and draws all reasonable inferences in the light most favorable to the non-moving party. Glynn, 710 F.3d at 213 (citing Bonds v. Leavitt, 629 F.3d 369, 380 (4th Cir. 2011)). Indeed, "[i]t is an axiom that in ruling on a motion for summary judgment, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." McAirlaids, Inc. v. Kimberly-Clark Corp., 756 F.3d 307, 310 (4th Cir. 2014) (quotation omitted). Moreover, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Anderson, 477 U.S. at 255.

The non-moving party must, however, "set forth specific facts that go beyond the 'mere existence of a scintilla of evidence.'" Glynn, 710 F.3d at 213 (quoting Anderson, 477 U.S. at 252). The non-moving party must show that "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Res. Bankshares Corp., 407 F.3d at 635 (quoting Anderson, 477 U.S. at 249). "In other words, to grant summary judgment the [c]ourt must determine that no reasonable jury could find for the nonmoving party on the evidence before it." Moss v. Parks Corp., 985 F.2d 736, 738 (4th Cir. 1993) (quoting Anderson, 477 U.S. at 248).

When making this determination, the court should consider "the pleadings, depositions, answers to interrogatories, and admissions on file, together with [any] affidavits"

filed by the parties. Celotex, 477 U.S. at 322. "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

Here, the court notes that neither party has cited anything in the record other than the complaint, prior opinions of the court in this matter, prior motions filed by the parties, and an email exchange between the parties related to scheduling a deposition. ECF No. 137; ECF No. 139; ECF No. 140. Neither party has attempted to show that any fact is genuinely disputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Nevertheless, the court has examined the record as a whole, including the exhibits attached to plaintiff's complaint. Compl., ECF No. 1-3.

As the Supreme Court set out in Celotex Corp. v. Catrett and has since reiterated, "'the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 884 (1990) (citing Celotex Corp., 477 U.S. at 322). "Where no such showing is made, '[t]he moving party is entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.'" Id. (citing Celotex Corp., 477 U.S. at 323).

According to the scheduling order entered in this case, discovery closed 90 days before the trial, which is set to begin on June 3, 2025, meaning that discovery closed in early March.

ECF No. 113. Because the parties have had ample time for discovery, the only question is whether either party has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Lujan, 497 U.S. at 884 (citing Celotex Corp., 477 U.S. at 322).

## IV.

Even construing the record in the light most favorable to Kruglyak as the nonmoving party, no reasonable jury could rule in Kruglyak's failure because he has failed to offer any evidence as to at least two elements essential to his remaining fraud in the inducement claim and on which he would bear the burden of proof at trial.

As the court explained in its prior memorandum opinion, Kruglyak's surviving claim based on actual fraud in the inducement is a tort claim for actual fraud pre-existing and independent from the contract between Kruglyak and Home Depot; it is this feature that permits the claim to evade the source-of-duty rule. ECF No. 111 at 15-17; Tingler v. Graystone Homes, Inc., 298 Va. 63, 82 n.11, 834 S.E.2d 244, 255 n.11 (2019). Actual fraud has six elements: "'(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled.'" Richmond Metro. Auth. v. McDevitt St. Bovis, Inc., 256 Va. 553, 557-58, 507 S.E.2d 344, 346 (1998) (quoting Evaluation Research Corp. v. Alequin, 247 Va. 143, 148, 439 S.E.2d 387, 390 (1994)). The plaintiff bears the burden of proving each of these elements at trial. Id. at 557; Evaluation Research Corp., 247 Va. at 148, 439 S.E.2d at 390.

Here, Kruglyak has adduced evidence as to some of these elements. For example, Kruglyak attached to his complaint as Exhibit A the advertisement on Home Depot's website

11

for the bathtub he believed he was purchasing. Compl., ECF No. 1-3 at 18-20. Kruglyak also attached pictures of the bathtub that he actually received as Exhibit E. <u>Id.</u> at 28. A jury could compare these images and perhaps find that the advertisement constituted a false representation, thus satisfying the first element of Kruglyak's actual fraud claim. Kruglyak also attached his bathtub purchase receipt as Exhibit C. <u>Id.</u> at 24. This evidence also goes towards substantiating the reliance and damages prongs of an actual fraud claim.

However, Kruglyak has not produced any evidence to support the third and fourth elements of actual fraud. To show that Home Depot "intentionally and knowingly" depicted the wrong bathtub on its website with the "intent to mislead" would-be purchasers, a plaintiff would need to conduct some discovery. <u>Richmond Metro. Auth.</u>, 256 Va. at 557-58, 507 S.E.2d at 346. For example, a plaintiff might seek to depose those at Home Depot tasked with placing items for sale on the Home Depot website. Here, Kruglyak has not conducted any such depositions or otherwise sought to prove the intent elements of actual fraud.

In his response in opposition to the motion for summary judgment, Kruglyak does not dispute that he has not put forward evidence of the elements of an actual fraud in the inducement claim. ECF No. 139. Rather, he raises discovery disputes, his requests for a stay, his request for remand, and the issue of whether Karen Phoebus was properly joined and then dismissed as a defendant in this matter. <u>Id.</u>

Kruglyak does argue that his ability to establish fraudulent intent was hindered by "Home Depot's refusal to produce Karen Phoebus emails, logs of timely made phone calls to Karen Phoebus desk, and audio recordings." <u>Id.</u> at 5. However, even if Kruglyak had accessed

such materials,[6] they would have no bearing on his fraud in the inducement claim. That claim is based on fraudulent representations on Home Depot's website inducing, and therefore, predating, Kruglyak's purchase. Compl., ECF No. 1-3, ¶¶ 23-31. Kruglyak only began communicating with Phoebus after the incorrect bathtub was delivered when attempting to resolve the issue. Id. ¶¶ 11, 15 (stating that Kruglyak purchased the bathtub on June 22, 2021, but began contacting Phoebus on August 22, 2021). Accordingly, there is nothing in the record to suggest that Kruglyak's failure to adduce any evidence on the intent elements of fraud in the inducement was excusable based on any hindrances in the discovery process that Kruglyak claims.[7]

Kruglyak also contends that Home Depot engaged in "[d]eposition [g]amesmanship" by attempting to schedule a deposition of Phoebus via Zoom. ECF No. 139 at 3-4. However, Home Depot has attached the full email correspondence as an exhibit to its reply brief, and the email chain demonstrates that counsel offered that "Ms. Phoebus and I can appear for the deposition on October 25 at 9am," and Kruglyak responded that "[i]f you and/or your client so desire, this deposition can be conducted via Zoom or Skype upon agreement with the court reporter to do so." ECF No. 140-1 at 3. Accordingly, no "gamesmanship" is evident, and the record contains no indication that Kruglyak even attempted to depose anyone at Home Depot who might have been able to offer insights into whether false representations were made on Home Depot's website intentionally or knowingly and with the intent to mislead.

---

[6] Home Depot has previously represented in response to a motion to compel filed by Kruglyak that Phoebus has already produced all the emails exchanged between herself and Kruglyak, ECF No. 122-3 at 2, and Phoebus has asserted that she has no access to the call logs Kruglyak seeks and, in fact, believes no such phone logs exist, id. at 3.

[7] Moreover, as this court has previously ruled, there is no reason to believe that Home Depot acted improperly during discovery in this case. ECF No. 129.

## V.

Because Kruglyak has not produced any evidence as to the intent elements of actual fraud in the inducement, which he would bear the burden of proving at trial, <u>Richmond Metro. Auth.</u>, 256 Va. at 557-58, 507 S.E.2d at 346, Rule 56(c) mandates the entry of summary judgment, <u>Lujan</u>, 497 U.S. at 884 (citing <u>Celotex Corp.</u>, 477 U.S. at 322). Accordingly, Home Depot's motion for summary judgment is **GRANTED**.

Additionally, for the reasons set forth in the court's prior memorandum opinion, ECF No. 111, which granted Home Depot's prior motion for summary judgment consenting to judgment in Kruglyak's favor and against Home Depot on Count Two for breach of contract in the amount of $3,696.35, it is hereby **ORDERED** and **ADJUDGED** that final judgment in favor of Kruglyak and against Home Depot in the amount of $3,696.35 is awarded.

An appropriate order will be entered.

Entered: *May 5, 2025*

Michael F. Urbanski
Senior United States District Judge