CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED

July 07, 2025

LAURA A. AUSTIN, CLERK
BY: /s/ Robin Bordwine
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| **VLADIMIR KRUGLYAK,** | ) |
| | ) |
| Plaintiff, | ) Case No. 1:22-cv-024 |
| | ) |
| v. | ) By:   Michael F. Urbanski |
| | ) Senior United States District Judge |
| **HOME DEPOT U.S.A., INC.,** | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION

This matter is before the court on two motions filed by plaintiff Vladimir Kruglyak. The first is a motion pursuant to Federal Rule of Civil Procedure ("Rule") 60(b) seeking to vacate the judgment rendered in the court's prior memorandum opinion and order granting defendant Home Depot's motion for summary judgment. ECF No. 153. The second is a motion to alter or amend the judgment pursuant to Rule 59(e). ECF No. 154. Kruglyak's arguments include that the court misapplied the fraudulent joinder doctrine, wrongly dismissed Karen Phoebus as a defendant, erroneously retained supplemental jurisdiction after the dismissal of Kruglyak's federal law claim, ignored evidence, ignored burden shifting frameworks, and contradicted the magistrate judge's prior conclusion that damages exceeded $75,000.

None of these arguments justifies unsettling the judgment. "[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (quotation omitted). Here, no extraordinary circumstances are present to justify the use of such an

1

extraordinary remedy. Instead, Kruglyak's arguments merely attempt "'to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" Id. (quoting 11 Wright et al., Federal Practice and Procedure § 2810.1, at 127-28 (2d ed. 1995)). Accordingly, both motions must be **DENIED**.

### I.

Although Kruglyak has filed both a motion styled as a Rule 60(b) motion and a motion styled as a Rule 59(e) motion, the court will address both sets of arguments under Rule 59(e). As the Fourth Circuit instructed in Dove v. CODESCO and reiterated in MLC Automotive, LLC v. Town of Southern Pines, "if a post-judgment motion is filed within ten days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled." MLC Auto., LLC v. Town of S. Pines, 532 F.3d 269, 277 (4th Cir. 2008) (quoting Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978)). After MLC Automotive, LLC was decided, Rule 59 was amended to permit 28 days, rather than ten days, to file a Rule 59(e) motion. See Fed. R. Civ. P. 59, Advisory Committee's Note to 2009 Amendment. The Fourth Circuit has since stated, albeit in an unpublished opinion, that for purposes of determining whether Rule 59(e) applies regardless of how the motion is styled, instead of ten days, the relevant period is now that "prescribed by Rule 59(e)"—28 days. See Cohen v. Rosenstein, No. 19-6620, 2020 WL 584075, at *1 (4th Cir. Feb. 6, 2020) (applying 28-day rule). Regardless, Kruglyak filed both motions in this case on May 12, 2025, just six days after the court's memorandum opinion and order were docketed on May 6, 2025. ECF No. 149; ECF No. 150. Accordingly, Rule 59(e) provides the proper standard. See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 411-

2

12 (4th Cir. 2010) (finding "no error in the district court's decision" and rejecting an appellant's argument "that because his motion invoke[d] both Rule 59(e) and Rule 60(b), the district court erred by considering only Rule 59(e) and ignoring Rule 60(b)," where the motions were filed nine days after the entry of judgment).

The Fourth Circuit has instructed that Rule 59(e) motions should be used in limited circumstances to "permit[] a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" Pac. Ins. Co., 148 F.3d at 403 (quoting Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. A Rule 59(e) motion "need not be granted unless the district court finds that there has been [1] an intervening change of controlling law, [2] that new evidence has become available, or [3] that there is a need to correct a clear error or prevent manifest injustice." Robinson, 599 F.3d at 411. Kruglyak has pointed neither to new law nor to new evidence. Accordingly, the only question here is whether there is a "need to correct a clear error or prevent manifest injustice." Id.

## II.

Kruglyak's arguments do not identify any clear error or manifest injustice. This opinion will address each of Kruglyak's arguments in turn.

1. Kruglyak argues that the court's opinion and order were "legally erroneous and manifestly unjust because they . . . [i]gnore[d] binding precedent on burden-

3

shifting frameworks (e.g., McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)) and presumptions of misconduct under Federal Rule of Evidence 301." ECF No. 154 at 1. However, the McDonnell Douglas framework applies to federal employment discrimination claims. See Ames v. Ohio Dep't of Youth Servs., 145 S. Ct. 1540, 1545 (2025) (quotation omitted) (explaining that the McDonnell Douglas framework provides a "sensible, orderly way to evaluate the evidence that bears on . . . discrimination"). This case concerns a consumer transaction, not employment discrimination. Similarly, Federal Rule of Evidence 301 is inapplicable. That rule merely states that "the party against whom a presumption is directed has the burden of producing evidence to rebut the presumption. But this rule does not shift the burden of persuasion, which remains on the party who had it originally." Fed. R. Evid. 301. The court's prior memorandum opinion did not rest on any presumptions. ECF No. 149. Rather, the court applied the ordinary motion for summary judgment standard, which places the initial burden on the moving party to demonstrate the absence of a genuine dispute of material fact but nevertheless requires the nonmoving party to "set forth specific facts that go beyond the mere existence of a scintilla of evidence." Glynn v. EDO Corp., 710 F.3d 209, 213 (4th Cir. 2013) (quotation omitted). The court granted summary judgment in Home Depot's favor because it concluded that Kruglyak failed to set forth any evidence probative of the intent element of his actual fraud in the inducement claim. ECF No. 149 at 14. No presumption or burden-shifting framework would alter this analysis.

4

2. Kruglyak argues that the court overlooked critical evidence of fraud, such as emails showing that Phoebus "was informed of the wrongful delivery within Home Depot's 90-day return window." ECF No. 154 at 3. As explained in the court's memorandum opinion, the court did indeed examine these emails but deemed them irrelevant to the issue of fraud in the inducement because these emails were sent after Kruglyak had already been induced to purchase a bathtub from Home Depot. ECF No. 149 at 13.

3. Kruglyak argues that "Home Depot's control over the transaction implies negligence" under the doctrine of "res ipsa loquitur." ECF No. 154 at 4. However, that doctrine is not applicable to an actual fraud in the inducement claim. Res ipsa loquitur applies under "limited and restricted" circumstances to "negligence" claims based on particular fact patterns. See Lewis v. Carpenter Co., 252 Va. 296, 300, 477 S.E.2d 492, 494 (1996) (explaining that, for the doctrine to apply, "the instrumentality causing the damage must be in the exclusive possession of or under the exclusive management of the defendant, the accident must be of such nature and character as does not ordinarily occur if due care is used, and the evidence regarding the cause of the incident is accessible to the defendant and inaccessible to the injured party") (quotation omitted). In addition to being factually off base, res ipsa loquitur is inapplicable here because actual fraud requires evidence of an "intent to mislead," not mere negligence. Richmond Metro. Auth. v. McDevitt St. Bovis, Inc., 256 Va. 553, 557-58, 507 S.E.2d 344, 346 (1998).

5

4. Kruglyak argues that "Home Depot's refusal to produce Phoebus's call logs and emails warrants an adverse inference." ECF No. 154 at 4. Kruglyak has raised and the court has considered the issue of Phoebus's call logs and emails on numerous occasions. The magistrate judge denied Kruglyak's prior motion to compel Phoebus to produce the call logs and emails after finding that Phoebus herself had already produced all emails relating to Kruglyak and his bathtub purchase and that Phoebus had indicated that she did not believe such call logs existed. ECF No. 124. When Kruglyak filed a motion for reconsideration and sought an adverse inference order against Home Depot concerning the same emails and calls, this court reaffirmed that determination and further noted Home Depot's representation that it did not have in its possession any additional evidence relating to Kruglyak's phone conversations with Phoebus. ECF No. 129 at 2-4. Moreover, as the court explained in its summary judgment memorandum opinion and elsewhere, the interactions between Kruglyak and Phoebus after the purchase of the bathtub are not relevant to the issue of fraud in the inducement. ECF No. 149 at 13; see also ECF No. 129 at 2-3. A Rule 59(e) motion is not an appropriate vehicle to "relitigate old matters." Pac. Ins. Co., 148 F.3d at 403 (quotation omitted).

5. Kruglyak argues that the court "den[ied] discovery" because "Home Depot insisted on a Zoom deposition despite court reporters requiring in-person testimony." ECF No. 154 at 4. However, the court was not involved in the parties' attempts to schedule a deposition, and the emails attached as exhibits to

6

Kruglyak's Rule 59(e) motion are emails sent by Kruglyak himself that by no means indicate that Home Depot refused to cooperate with his requests. ECF No.154-1; ECF No. 154-2. Moreover, as the court explained in its summary judgment memorandum opinion when it last considered Kruglyak's concerns about his inability to schedule a deposition of Phoebus, the other emails exchanged between Kruglyak and Home Depot reveal no dishonest behavior on the part of Home Depot, and, in any event, Kruglyak's interactions with Phoebus are not relevant to the issue of whether Home Depot fraudulently induced him to buy the bath tub. ECF No. 149 at 13.

6. Kruglyak argues that "Judge Sargent's Report confirmed damages exceeding $75,000, defeating diversity jurisdiction" and meaning that the "Court's reliance on supplemental jurisdiction is thus void." ECF No. 154 at 4.[1] This argument lacks merit for a variety of reasons. For one, this case is not in federal court on the basis of diversity jurisdiction.[2] Rather, Kruglyak pursued a federal law claim under the Magnuson-Moss Warranty Act, giving this court jurisdiction to decide that federal question and supplemental jurisdiction over Kruglyak's state law claims arising out of the same common nucleus of operative fact. See Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966). Although a federal district

---

[1] The court is not able to identify to which report and recommendation Kruglyak is referring when he states that "Judge Sargent's Report confirmed damages exceeding $75,000." ECF No. 154 at 4. The court's analysis merely assumes for the sake of argument that the magistrate judge stated something along these lines at some point in this litigation.

[2] Additionally, an amount in controversy exceeding $75,000 is a prerequisite for diversity jurisdiction—quite the antithesis of Kruglyak's assertion that damages exceeding $75,000 "defeat[s] diversity jurisdiction." See 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and where complete diversity exists between the parties.).

court has discretion to remand a case to state court once all federal claims have been dismissed, the court need not do so, particularly where convenience, fairness, judicial economy, and other considerations militate in favor of the federal court retaining jurisdiction. See Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995).

7. Kruglyak argues that the court misapplied the fraudulent joinder doctrine. ECF No. 153 at 2-3. However, the court has not relied on the fraudulent joinder doctrine in this case. Although Home Depot did discuss the doctrine of fraudulent joinder in arguing for diversity jurisdiction in its notice of removal, Home Depot also properly invoked the court's jurisdiction to decide federal questions like Kruglyak's Magnuson-Moss Warranty Act claim and the court's attendant supplemental jurisdiction over claims arising from the same common nucleus of operative fact. ECF No. 1, ¶¶ 8-17. In its order dismissing Phoebus as a defendant, the court did not discuss fraudulent joinder. ECF No. 19. Rather, the court explained that Phoebus was to be dismissed because Virginia tort law does not permit an agent to be found personally liable where she acts as "an agent of a disclosed principal, engaged in no conduct outside the scope of her employment" and "committed no misfeasance." ECF No. 19 at 2-4.

8. Kruglyak argues that supplemental jurisdiction was improperly retained. ECF No. 153 at 3. However, as already explained, federal district courts have discretion to retain supplemental jurisdiction even after all federal claims have been dismissed. Shanaghan, 58 F.3d at 110 ("[T]rial courts enjoy wide latitude

8

in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished.").

9. Kruglyak argues that "Home Depot [c]omitted [f]raud on the [c]ourt." ECF No. 153 at 3. However, for the reasons already explained in this opinion and elsewhere, the court has concluded that Home Depot has not acted improperly. See ECF No. 129 at 2-4; ECF No. 149 at 13. This conclusion has already been relitigated on multiple occasions, and no new evidence or argument has been presented to justify the "extraordinary remedy" of reconsidering the judgment on this basis. Pac. Ins. Co., 148 F.3d at 403.

10. Kruglyak argues that the court ignored evidence, including evidence (1) that internal Home Depot communications revealed that Kruglyak had promptly complained that the bathtub he received was not the bathtub advertised, (2) evidence that Phoebus responded to Kruglyak's complaints after the wrong bathtub was delivered, and (3) evidence that Home Depot refused to authorize a return without a costly shipping fee. ECF No. 153 at 4. However, in its memorandum opinion on Home Depot's motion for summary judgment, the court properly construed the record in the light most favorable to Kruglyak as the nonmoving party and even noted several pieces of evidence that the court believed supported some, though not all, of the elements of actual fraud in the inducement. ECF No. 149 at 11-12. The court ultimately concluded that none of the evidence in the record, including the evidence Kruglyak now cites, supported the intent elements of actual fraud. Id. at 12. Not discussing each

9

piece of evidence in the text of the court's opinion is not equivalent to ignoring that evidence. Kruglyak simply disagrees with how the court evaluated the evidence before it, particularly what evidence the court found relevant to the elements of actual fraud in the inducement. This disagreement does not justify reconsideration under Rule 59(e) and certainly does not rise to the level of "clear error" or "manifest injustice." Robinson, 599 F.3d at 411.

11. Finally, Kruglyak argues that extraordinary circumstances justify relief. Kruglyak argues he was denied due process because the court failed to compel Phoebus's deposition. However, Kruglyak did not file a motion to compel related to the deposition issue; Kruglyak's argument that Home Depot engaged in "[d]eposition [g]amesmanship" appears to have been raised for the first time in Kruglyak's response in opposition to the motion for summary judgment. ECF No. 139 at 3-4. Furthermore, even if Kruglyak had filed a motion to compel, a disagreement with the court's resolution of a motion to compel would not amount to a denial of due process. Kruglyak further argues that extraordinary circumstances justify relief because the court disregarded the magistrate judge's conclusion that damages exceeded $75,000. ECF No. 153 at 6. As already explained, the amount in controversy issue is irrelevant and misconstrues the legal standard.

### III.

For the foregoing reasons, Kruglyak's arguments seeking to unsettle this court's judgment are not meritorious and therefore do not constitute "clear error," "manifest

injustice," or any other justification for the extraordinary remedy of reconsideration. Robinson, 599 F.3d at 411; see also Pac. Ins. Co., 148 F.3d at 403. Kruglyak's motion to vacate, ECF No. 153, and Kruglyak's motion to alter or amend the judgment, ECF No. 154, must both be **DENIED**.

An appropriate order will be entered.

Entered: July 2, 2025

Michael F. Urbanski
Senior United States District Judge